COMMONWEALTH *vs*. LANE T. MELE. July 11, 1985. *Practice, Criminal*, Waiver of trial by jury, Admission to facts sufficient to warrant a finding. *Waiver*.

On March 9, 1983, after admitting to sufficient facts to warrant a finding of guilty, Mass.R.Crim.P. 12(a) (3), 378 Mass. 866 (1979), the defendant was found guilty of negligent homicide (G. L. c. 90, § 24G) in the first tier of the District Court system. He was given a suspended two-year sentence in a house of correction and was placed on probation. He did not claim an appeal to the jury-of-six session under G. L. c. 218, § 27A, but, more than a year later, filed a motion for a new trial. This is an appeal from the denial of that motion which claims, among other things, that the trial judge did not conduct a colloquy to determine whether the defendant's admission to sufficient facts and his waiver of a jury trial were knowing and voluntary. We are constrained to reverse because it does not appear that, when the defendant failed to claim an appeal to the jury-of-six session and the proceedings became final, the safeguards set forth in *Commonwealth* v. *Duquette*, 386 Mass. 834, 845-846, 847 (1982), were followed.

The Commonwealth argues that *Duquette*, at 846, permits the procedure at the first tier to be more informal because "the defendant can still appeal to the jury of six session and obtain a trial de novo." If, however, as here,

the defendant does not claim such an appeal, the proceedings have "the finality normally associated with second tier proceedings." *Id.* at 847.

In situations where the proceedings are made final, both the Supreme Judicial Court and this court have required the colloquy prescribed by *Duquette* for use at the second tier in District Courts. Thus, according to *Duquette*, the colloquy must be given if a judge at the first tier requests that a defendant waive his right to trial de novo as a condition of obtaining a continuance of his case without a finding. *Id.* at 847. In *Commonwealth v. Connor*, 14 Mass. App. Ct. 488, 491 (1982), a colloquy was required when the defendants withdrew their appeals in the jury-of-six session. The withdrawal of an appeal was held to have "the same elements of lost opportunity for a jury trial and resultant finality" as the usual second tier proceedings. *Id.* at 491.

The same finality occurs when a defendant does not claim an appeal under G. L. c. 218, § 27A.[1] Accordingly, a District Court judge at the first tier must, if the defendant does not claim an appeal, provide the second tier safeguards of *Duquette*.

The Commonwealth at oral argument claimed that in his motion for a new trial the defendant did not focus on the lack of a colloquy at the time the defendant failed to take an appeal and claimed only that the judge should have applied the *Duquette* safeguards earlier. We think the defendant's arguments were sufficient to include the later time period. The transcript, however, does not include the final portion of the proceedings. For this reason, the Commonwealth is given an opportunity, if it can, to produce witnesses to show that a proper colloquy was given prior to the defendant's decision not to appeal. See *Duquette, supra* at 842.

The order denying the motion for a new trial is vacated. If, within thirty days from the date of the rescript, the Commonwealth files an affidavit in the District Court indicating it can produce evidence that an inquiry on voluntariness was made, a hearing shall be held. The judge who made the finding of guilty shall consider such evidence as may be offered at the hearing and shall make findings based on such evidence, and his own recollection, if any, and shall determine, in the light of this opinion, whether the defendant is entitled to a new trial. If the Commonwealth does not file such an affidavit within the time specified, because the judge did not believe such an inquiry was required or otherwise, see *Duquette* at 842, the judgment shall be reversed, and the finding of guilt shall be set aside by the District

---

[1] The timing for the taking of such an appeal is prescribed by Dist.Ct.Supp.R. Crim.P. 7 (1981), which provides in pertinent part: "Notice of the right to appeal a finding of guilty and the defendant's decision on exercising that right shall be completed before the pronouncement of sentence." See generally Smith, Criminal Practice and Procedure § 1999 (2d ed. 1983). The docket of the District Court in this case indicates that the defendant waived his right to appeal on the same day that he admitted to sufficient facts.

Court judge. The case is then to be set for trial in the jury-of-six session of the District Court.

*So ordered.*

*Ellen K. Wade* for the defendant.

*Katherine E. McMahon*, Assistant District Attorney, for the Commonwealth.