COMMONWEALTH *vs.* MICHAEL F. COAKLEY. October 28, 1985. *Practice, Criminal,* Sentence, Waiver of trial by jury. *Waiver. Statute,* Construction.

On complaints charging him with uttering a forged instrument and larceny, the defendant waived his right to a first instance jury trial and admitted to sufficient facts to warrant a finding of guilty. See Mass.R.Crim.P. 12(a) (3), 378 Mass. 866 (1979). The judge found him guilty and sentenced him to serve concurrent indeterminate terms at M.C.I., Concord. Almost a year later, the defendant, pro se, filed a motion under Mass.R.Crim.P. 30, 378 Mass. 900 (1979), alleging various errors in his sentencing. At the hearing on his motion, the defendant's court-appointed counsel argued only that the defendant had not been sentenced in accordance with G. L. c. 218, § 31. Although we conclude that § 31 does not apply to the defendant's sentences, we vacate the order denying his motion for the reasons set out in *Commonwealth* v. *Mele,* 20 Mass. App. Ct. 958 (1985).

1. *G. L. c. 218, § 31.*[1] Section 31 requires that there be a delay of one day between imposition of sentence and issuance of a mittimus where a District Court judge imposes a sentence of more than six months' incarceration at a "jail or house of correction." The defendant argues that § 31 is applicable to his sentence to M.C.I., Concord, for the reasons: (a) that the

---

[1] General Laws c. 218, § 31, as amended by St. 1978, c. 478, § 190, provides: "No order shall be made for the commitment of a person to a jail or house of correction upon a sentence of *more than six months, imposed by a district court,* until at least one day after the imposition of such sentence. Before such order is made, he shall be notified of his right to appeal to a jury session of the district courts, and he may exercise such right, as provided by law, until such order is made. This section shall not apply to sentences the execution of which is suspended."

predecessor to § 31 (St. 1911, c. 176, § 2) was enacted subsequent to the legislative grant of authority to the District Courts to sentence defendants to the "reformatory" as well as to a jail or house of correction (see St. 1884, c. 255, § 8; see also R.L. c. 220, § 27 [1902]), and, therefore, the words "jail or house of correction" appearing in § 31 cannot be read as excluding sentences to a "reformatory"; (b) that both St. 1911, c. 176, § 2 ("An Act to extend the jurisdiction of police, district and municipal courts in criminal cases") and its amendment, which followed almost immediately, St. 1911, c. 461 (An act relative to certain persons committed to jails and houses of correction"), were intended, in the words of the defendant, to "protect defendants' jury trial rights in serious cases"; and (c) that if § 31 is not read to include "reformatory" sentences, then the one-day delay safeguard will apply only to less deserving sentences rather than including the more serious periods of incarceration.

These contentions "misconstrue the basic tenets of statutory construction. The statutory language, when clear and unambiguous, must be given its ordinary meaning." *Bronstein* v. *Prudential Ins. Co. of America*, 390 Mass. 701, 704 (1984). Even were we to agree with the defendant's contention that giving the words "jail or house of correction" their ordinary meanings (see and compare G. L. c. 125, § 1[*f*], with § 1[*n*]; see also G. L. c. 126, § 8) yields an unworkable and illogical result, thereby requiring us to resort to extrinsic aids in interpreting § 31 (see *Hashimi* v. *Kalil*, 388 Mass. 607, 610 [1983]; *Bronstein* v. *Prudential Ins. Co. of America*, 390 Mass. at 704), we would still conclude that § 31 does not apply to reformatory sentences. Neither the titles of the acts relating to § 31 nor its legislative history gives support to the defendant's arguments. See *Commonwealth* v. *Graham*, 388 Mass. 115, 119-122 (1983); *Commonwealth* v. *Galvin*, 388 Mass. 326, 330 (1983). Whether the omission of "reformatory" sentences from § 31 is the result of inadvertence or design is immaterial. See *Commonwealth* v. *Marrone*, 387 Mass. 702, 704 (1982); *Bronstein* v. *Prudential Ins. Co. of America*, 390 Mass. at 706; *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.*, 17 Mass. App. Ct. 255, 257 (1983).

2. *The Duquette colloquy.* The Commonwealth conceded at oral argument that under *Commonwealth* v. *Mele*, 20 Mass. App. Ct. at 959, the defendant was entitled to the safeguards set forth in *Commonwealth* v. *Duquette*, 386 Mass. 834, 845-846, 847 (1982), when he did not claim an appeal to the jury-of-six session. However, the Commonwealth contends that the defendant has waived any claim of error arising out of *Duquette* and *Mele* by failing to raise the issue on his motion brought under rule 30. See, e.g., *Commonwealth* v. *Tabor*, 376 Mass. 811, 823 n.18 (1978); *Commonwealth* v. *Marchionda*, 385 Mass. 238, 242 (1982). But see and compare *Albert* v. *Municipal Court of the City of Boston*, 388 Mass. 491, 494 (1983), quoting from *Hormel* v. *Helvering*, 312 U.S. 552, 557 (1941).

We think that the defendant's motion, especially paragraph V ("Defendant maintains that he was denied proper avenue of appeal"), as well as his supporting affidavit set out, albeit inartfully, those very misunderstandings

that the *Duquette* colloquy is intended to prevent. It does not appear that he was present at the brief hearing (two and one-half pages of transcript) held on his rule 30 motion. His court-appointed counsel never amended the motion. Additionally, the notice of appeal from the denial of the motion was promptly filed by the defendant, pro se. These circumstances, including the nature of the allegations set out in the motion and attached affidavit, bespeak a persistence by the defendant which is inconsistent with any notion of waiver.

3. *Conclusion.* The order denying the defendant's motion brought under Mass.R.Crim.P. 30 is vacated. The defendant is to be afforded the identical procedures ordered in the last paragraph of *Commonwealth,* v. *Mele,* 20 Mass. App. Ct. at 959-960.

*So ordered.*

*Richard Zorza,* Committee for Public Counsel Services, for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.