COMMONWEALTH *vs.* ROBERT W. RUSSELL.

No. 92-P-619.

Suffolk. October 27, 1993. - August 16, 1994.

Present: BROWN, SMITH, & GREENBERG, JJ.

*Practice, Criminal*, Plea, Admission to sufficient facts to warrant finding, Postconviction relief.

A District Court judge did not err in denying a criminal defendant's 1991 motion for a new trial on a 1979 complaint, to which he had admitted sufficient facts and waived his de novo appeal after conviction, based on the judge's failure to have engaged the defendant in a plea colloquy to ensure his admission was voluntary, knowing and intelligent, where the defendant was represented by counsel with whom he had consulted before he made his admission, where the record showed that the defendant was well aware of court proceedings, and where there was not even an allegation that the admission was the product of coercion, threats or an unfulfilled promise. [154-158]

COMPLAINT received and sworn to in the Boston Municipal Court Department on January 6, 1979.

A motion for a new trial, filed on December 19, 1991, was heard by *Maurice H. Richardson*, J., sitting under statutory authority.

*Roger A. Cox* for the defendant.

*Jill P. Furman*, Assistant District Attorney, for the Commonwealth.

SMITH, J. In 1991, the defendant was sentenced in the United States District Court for the District of Massachusetts for the crime of possession of a firearm. The defendant was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1988), which mandates enhanced prison sentences for defendants convicted of Federal firearm charges who have at least "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."

Commonwealth *v.* Russell.

One of the defendant's prior convictions used by the court to increase the defendant's Federal sentence was a 1979 conviction in the Boston Municipal Court for breaking and entering a building in the nighttime with intent to commit a felony.[1] That conviction resulted from the defendant's making an admission to sufficient facts at the first-tier level of the Boston Municipal Court.

Some twelve years after he made that admission, the defendant in December, 1991, filed a motion for a new trial in the Boston Municipal Court, seeking to vacate his 1979 conviction as constitutionally invalid on the ground that the judge did not engage in a plea colloquy with him for the purpose of verifying that his admission was voluntary, knowing, and intelligent. If the defendant's motion were allowed and he were not retried, his 1979 conviction could not be used to enhance his Federal sentence.[2]

Because the judge who had taken the defendant's 1979 admission to sufficient facts had recused himself from the proceedings, the motion was heard by a different judge. The motion judge had before him six affidavits, including the defendant's, that were filed with the motion. Several of the affidavits were from lawyers familiar with the practice in the Boston Municipal Court in 1979. They stated that at that

---

[1] It is not disputed that the offense of breaking and entering a building in the nighttime is a violent felony under the Act. See *Taylor* v. *United States*, 495 U.S. 575, 599-600 (1990).

[2] See *Domegan* v. *United States*, 703 F. Supp. 166, 169 (D. Mass. 1989), where the court stated that "[w]hen the underlying convictions are constitutionally invalid, it is improper to let the enhanced sentence stand. Under those circumstances, the enhanced sentence only serves to continue the constitutional wrong." (Citations omitted.)

In *Custis* v. *United States*, 114 S. Ct. 1732 (1994), the defendant's sentence was enhanced because of three prior State convictions. The defendant challenged the use of two of the State convictions, arguing that his lawyer was ineffective and his guilty plea was not knowing and intelligent. The Supreme Court held that, with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a Federal sentencing proceeding has no right to collaterally attack the validity of previous State convictions that are used to enhance his sentence under the Act. *Id.* at 1735-1739. A defendant could, however, attack his State sentences in State courts and, if successful, "may then apply for reopening of any federal sentence enhanced by the state sentences." *Id.* at 1739.

time it was not the practice of the Boston Municipal Court judges to engage in plea colloquies with defendants who made admissions to sufficient facts. In addition to the affidavits, the motion judge had court papers relevant to the defendant's 1979 conviction.[3] Based on the affidavits and the documents, the motion judge made the following findings of fact.

On April 5, 1979, the defendant was in the first-tier session of the Boston Municipal Court to answer to a complaint charging him with breaking and entering in the nighttime with intent to commit a felony. The defendant, who was represented by court-appointed counsel, executed two written waivers of first instance jury trials and then made an admission to sufficient facts. A finding of guilty was entered. The defendant was sentenced to one year in the house of correction to be served concurrently with a sentence that he was then serving. The defendant did not exercise his right of appeal to the jury-of-six session. The defendant was aware of that right because on three prior occasions, when he had been convicted of other crimes in a first-tier session, he had exercised his right to appeal those convictions to a jury session for a de novo trial.

The motion judge found that "the defendant, at the time he tendered his plea, was knowledgeable of court proceedings, was aware of his rights to a bench trial, as well as a jury trial . . . recognized the penal consequences of his plea . . . and was aware of the offense for which he was charged . . . ." The motion judge concluded that the "defendant's plea was knowing and voluntary, and even absent [a]n adequate plea colloquy [the] defendant has not made a plausible showing that he would have made a different decision on this admission."

On appeal, the defendant claims that the motion judge committed error because the defendant's admission to sufficient facts was the equivalent of a guilty plea, and, therefore, under *Boykin* v. *Alabama*, 395 U.S. 238, 243-244 (1969),

---

[3]The taped recordings of the 1979 proceedings had been destroyed in accordance with District Court Special Rule 211 (1988).

the defendant was entitled to a constitutionally adequate colloquy to ensure that his admission was voluntary, knowing, and intelligent. Its absence, according to the defendant, rendered his admission to sufficient facts invalid. We agree with the defendant (and the motion judge) that the record demonstrates that the judge did not engage in a plea colloquy with the defendant at the time the defendant admitted to sufficient facts. Because of the circumstances present in this case, however, we hold that the motion judge did not commit error in denying the defendant's motion for a new trial.

At the time the defendant admitted to sufficient facts at the first-tier session of the Boston Municipal Court, the Court Reorganization Act (the Act) had just taken effect. See St. 1978, c. 478 (under § 343, the Act became effective on January 1, 1979). The Act eliminated the right to a de novo trial in the Superior Court. Instead, it provided that a defendant accused of a felony of not more than five years was "entitled to a trial by a District Court jury of six in the first instance." *Commonwealth* v. *Duquette*, 386 Mass. 834, 837 (1982). A defendant, however, could "waive his right to a first instance jury trial and elect to be tried by a judge of the District Court. He [could] then appeal to the District Court jury of six session, where he [would] be tried by a jury unless he once again waive[d] a jury trial and elect[ed] to be tried by a second judge." *Ibid*.

At the time the defendant appeared at the first-tier session of the Boston Municipal Court, the procedure known as an "admission to sufficient facts" had gained widespread popularity among defendants in the first-tier sessions of the District and Municipal Courts. See District Court Standards for Trials and Probable Cause Hearings, Commentary to Standard 2:01 (1981). The reasons for its popularity were understandable — it allowed a defendant to obtain a speedy disposition at the first-tier session by not contesting the charge but still preserved his right to appeal to the jury session for a trial should the disposition at the first tier prove to be unsatisfactory to him. *Ibid*.

Possibly because the "admission to sufficient facts" was considered to be a tactic employed by defendants to gain a favorable result, it appears that it was not the practice in 1979 in the District or Boston Municipal Courts to have the judge engage in a plea colloquy with the defendant to ensure that his admission was voluntary, knowing, and intelligent. Certainly, no decision of the appellate courts at that time held that the judge must engage in such a colloquy when the defendant admitted to sufficient facts.[4] Therefore, that the judge did not engage in a plea colloquy with the defendant, by itself, does not render his 1979 conviction constitutionally invalid. See and compare *Halliday* v. *United States*, 394 U.S. 831, 833 (1969).

Our inquiry does not end here. Because we are answering the question whether the judge committed error in denying the defendant's motion for a new trial, we must consider whether in the absence of a colloquy " 'justice may not have been done' — the criterion of [Mass.R.Crim.P.] 30(b)." *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 498 (1985). In view of the circumstances in which the defendant

---

[4]Some three years after the defendant's admission to sufficient facts, the Supreme Judicial Court addressed for the first time the procedure to be used in the first-tier session of the District and Boston Municipal Courts when a defendant intends to make an admission to sufficient facts. In *Commonwealth* v. *Duquette*, 386 Mass. at 846, the court noted that, because a defendant in the first-tier session still has the right to appeal to the jury-of-six session and obtain a trial de novo, an "admission[ ] to sufficient facts may be treated more informally, provided, of course, that the defendant has first made a valid written waiver of his right to an immediate jury trial." It was not until 1985, some six years after the defendant in this case admitted to sufficient facts, that it was held that, when a defendant admits to sufficient facts at the first-tier level, is sentenced, and does not claim an appeal to the jury-of-six session, the judge must conduct a colloquy to determine whether the defendant's admission to sufficient facts and his waiver of a jury trial were knowing and voluntary. See *Commonwealth* v. *Mele*, 20 Mass. App. Ct. 958 (1985).

In view of the large number of constitutionally valid convictions that may have been obtained without what are now considered proper colloquies, we decline to give *Commonwealth* v. *Duquette, supra,* or *Commonwealth* v. *Mele, supra,* retroactive effect.

admitted to sufficient facts, we conclude that the judge properly denied the defendant's motion for a new trial for the following reasons.

First, the record discloses that the defendant was represented by counsel at the time of his admission to sufficient facts and consulted with counsel *before* he made his admission. Representation and consultation with counsel are significant factors in determining whether a guilty plea (and, therefore, an admission to sufficient facts), not accompanied by a specific recitation of a defendant's intra-trial rights was, nonetheless, knowingly and voluntarily made. *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 498-499. *Commonwealth* v. *Dozier*, 24 Mass. App. Ct. 961, 961-962 (1987). Further, the defendant executed two valid written waivers of his right to a first-instance jury trial.

Second, independent of the fact that he was represented by counsel, the defendant was well aware of court proceedings, especially in regard to the first-tier sessions of the District and Municipal Courts. Three times prior to his 1979 admission to sufficient facts, he had been convicted of criminal charges at bench trials held in the first-tier session and had then appealed to a jury session.

Third, there was no evidence, let alone an allegation, that the defendant's admission to sufficient facts was the product of coercion or threats (or even of a promise that was not fulfilled). In that regard, he was aware of the penal consequences of his admission to sufficient facts and, in fact, received a most favorable sentence — one year to be served concurrently with a sentence he was then serving.

In sum, we conclude that the defendant has not "shown with some plausibility that it would have made a difference [to him] in deciding about a plea" if the judge had engaged in a plea colloquy, *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 499, and cases cited, and that, in these circumstances,

the judge did not commit error in denying the defendant's motion for a new trial.[5]

*Order denying motion for new trial affirmed.*

---

[5]We emphasize that our decision is limited to the facts of this case and that judges are required to engage in such colloquies. It is especially essential that they do so in the District and Municipal Courts now that trials de novo have been abolished.