COMMONWEALTH *vs.* DEAN W. DUMMER. No. 95-P-141. September 21, 1999. *Practice, Criminal,* Plea, Waiver. *Constitutional Law,* Waiver of constitutional rights.

On September 11, 1991, the defendant pleaded guilty to three indictments charging him with trafficking in cocaine, one indictment charging him with conspiracy to violate the controlled substances laws, and one indictment charging him with possession of a dangerous weapon, to wit, a stun gun. He was sentenced to prison on the three indictments charging him with trafficking in cocaine and the other two indictments were placed on file.

On February 15, 1994, the defendant filed a motion requesting that his guilty pleas be withdrawn. He alleged that the plea colloquy failed to meet the requirements of *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969). He also claimed that he had been coerced to change his pleas to guilty because of a joint recommendation between the prosecutor and his attorney concerning the sentences he was to receive.

The judge who had conducted the plea colloquy had retired and, therefore, another judge acted upon the motion; she denied it without an evidentiary hearing. In the memorandum accompanying her decision, the motion judge noted that the defendant failed to point to any specific defect in the plea col-

loquy that might have rendered his guilty pleas involuntary. Accordingly, the motion judge ruled that the defendant had voluntarily, knowingly, and intelligently waived his constitutional rights. The motion judge also ruled that there was no support in the record for the defendant's claim of duress or coercion.

On May 24, 1994, the defendant filed an amended motion pro se to withdraw his guilty pleas and also requested the motion judge to reconsider her denial of his original motion. In his motion and accompanying affidavit, the defendant claimed that the plea judge failed to inform him that by pleading guilty he was waiving three constitutional rights (the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers). The motion judge denied the defendant's pro se motion without reconsidering the denial of the original motion, and the defendant appealed. The appeal was later dismissed under our Standing Order Concerning Dismissal of Appeals and Reports in All Cases for Lack of Prosecution (1982), but on January 16, 1996, it was reinstated.

On July 10, 1996, new counsel for the defendant filed a motion requesting the judge to reconsider her denials of the defendant's motions, and for leave to amend the original and amended motion for a new trial. In his motion and in his accompanying affidavit, the defendant again stated that there were flaws of constitutional proportion in the plea colloquy. The defendant also claimed, for the first time, that he was on antidepressant medication at the time he entered his guilty pleas, and that the voluntariness of his guilty pleas had been affected by that medication.

A Superior Court judge (not the first motion judge) held an evidentiary hearing on the defendant's motion. That judge subsequently denied it, holding that the first motion judge had ruled on the voluntariness of the plea, and therefore he (the second motion judge) declined to review that matter. He also ruled that the defendant's alleged use of antidepressants should have been raised in his first motion to withdraw his guilty pleas; because it was not, the issue had been waived. The defendant appealed, and his appeals were consolidated in this court. We agree with the defendant that the plea colloquy was defective and that he is entitled to a new trial.

"[A] guilty plea may not be accepted without an affirmative showing that the defendant acts voluntarily and understands the consequences of his plea." *Commonwealth* v. *Duquette*, 386 Mass. 834, 841 (1982). "At a minimum, the record must demonstrate that the judge advised the defendant that, in pleading guilty . . . he waives three fundamental constitutional rights: (1) the right to a jury trial; (2) the right to confront witnesses; and (3) the privilege against self-incrimination." *Commonwealth* v. *Lewis*, 399 Mass. 761, 764 (1987), citing *Boykin* v. *Alabama*, *supra* at 243. See Mass.R.Crim.P. 12(c)(3)(A), 378 Mass. 868 (1979), which gives plea judges the responsibility to ensure that a defendant is informed "on the record, in open court: (A) that by his plea . . . he waives his right to trial with or without a jury, his right to confrontation of witnesses, and his privilege against self-incrimination."

Here, the plea judge made a satisfactory inquiry as to the factual basis of the charges to which the defendant was pleading guilty. However, "[a]lthough an inquiry concerning the factual basis of a charge 'can be of significant assistance to the judge in the performance of his duty to ensure that the plea is voluntarily and intelligently made,' *Commonwealth* v. *Morrow*, 363 Mass.

601, 608 (1973), such an inquiry does not by itself demonstrate voluntariness." *Commonwealth* v. *Fernandes*, 390 Mass. 714, 718 (1984). "Voluntariness and factual basis are distinct concepts." *Id.* at 719.

The record shows that the plea judge did not inform the defendant that by pleading guilty, he was waiving the three constitutional rights outlined in *Boykin* v. *Alabama*, *supra*, and in rule 12(c)(3)(A). Moreover, there were other omissions. The record shows that the judge did not make any specific inquiry concerning whether the defendant's pleas were made voluntarily, or whether any threats or inducements were made in order to change his pleas to guilty. *Commonwealth* v. *Fernandes*, *supra* at 719. *Commonwealth* v. *Dawson*, 19 Mass. App. Ct. 221, 225 (1985).

We have tolerated certain omissions from these requirements in the past. See *Commonwealth* v. *Morrow*, *supra* at 603-604 (only waiver of jury trial was discussed); *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 493 (1985) (defendant not advised of his privilege against self-incrimination and the right of confrontation); *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 664 (1989) (defendant not advised that she was waiving her right of confrontation and her right against self-incrimination). However, we have not, in the circumstances present here, held that a guilty plea is voluntary when the defendant is not advised at all that he is waiving his constitutional rights. If we held otherwise, the exception would swallow the rule.

We vacate the order denying the defendant's motion to withdraw his guilty plea and for a new trial. A new order shall enter allowing the defendant's motion. The matter is remanded to the Superior Court for further proceedings.

*So ordered.*

*John H. Cunha, Jr.*, for the defendant.
*Catherine Langevin Semel* for the Commonwealth.