COMMONWEALTH *vs.* MELVIN D. WILLIAMS. No. 99-P-1071. March 22, 2001. *Practice, Criminal,* Admission to sufficient facts to warrant finding, Plea, Postconviction relief.

In 1983, after completing a jury waiver form and admitting to sufficient facts to warrant a finding of guilty, see Mass.R.Crim.P. 12(a)(3), 378 Mass. 866 (1979), the defendant was found guilty by a judge sitting in the "first-tier" session of the District Court, see *Costarelli, petitioner*, 378 Mass. 516, 518 (1979), of possession of a class D substance (marijuana) with intent to distribute, G. L. c. 94C, § 32C. He was given a suspended one-year sentence and placed on probation and did not thereafter pursue an appeal to the jury-of-six session under G. L. c. 218, § 27A. More than thirteen years later, in April, 1997, in an apparent attempt to avoid enhancement of a sentence on a Federal conviction, the defendant sought a new trial on his 1983 conviction. His motion under Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), was grounded on the undisputed fact that the judge had not conducted a colloquy to determine that the defendant's admission to sufficient facts was being made knowingly, intelligently, and voluntarily. Relying on *Commonwealth* v. *Russell*, 37 Mass. App. Ct. 152 (1994), cert. denied, 513 U.S. 1094 (1995), the motion judge denied the motion. We affirm.

1. In *Commonwealth* v. *Mele*, 20 Mass. App. Ct. 958 (1985), we held that a plea colloquy was required when a defendant admitted to sufficient facts at the first-tier session of a District Court and did not claim an appeal to the jury-of-six session. In *Russell*, however, we declined to give *Mele* retroactive effect and held that a defendant who had admitted to sufficient facts prior to *Mele* could not obtain a new trial simply by showing that he had not been given a plea colloquy. Rather, he must make a plausible independent showing that "justice may not have been done" within the meaning of rule 30(b). More specifically, a defendant must show "with some plausibility" that it would have " 'made a difference [to him] in deciding about a plea' if the judge had engaged in a plea colloquy." *Commonwealth* v. *Russell*, 37 Mass. App. Ct. at 157, quoting from *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 499 (1985).

The showing made by the defendant here was, as noted by the motion judge, virtually identical to that found insufficient in *Russell*. See *Commonwealth* v. *Russell*, 37 Mass. App. Ct. at 157. While the defendant alleged that he never would have admitted to sufficient facts if he had been given a plea colloquy, this allegation was plainly of the self-serving, conclusory variety that the motion judge was not required to, and did not, accept. See *Commonwealth* v. *Lopez*, 426 Mass. 657, 662 (1998); *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 49-50 (1997).

2. The defendant's alternative argument — that *Russell* is not applicable to this case because the defendant here (unlike the defendant in *Russell*) admitted

to sufficient facts in 1983 after Mass.R.Crim.P. 12(c)(3), 378 Mass. 867-868 (1979), had been adopted and the Supreme Judicial Court had decided *Commonwealth* v. *Duquette*, 386 Mass. 834 (1982) — merits little discussion. As we noted in *Russell*, it was not until the decision in *Mele* in 1985 that any appellate court held that a plea colloquy was required when an admission to sufficient facts was made in the first rather than the second-tier session of the District Court. *Commonwealth* v. *Russell*, 37 Mass. App. Ct. at 156 n.4.

*Order denying motion for new trial affirmed.*

*Alexander M. Esteves* for the defendant.

*Kajal K. Chattopadhyay*, Assistant District Attorney, for the Commonwealth.