COMMONWEALTH *vs.* GABRIEL COLON. No. 00-P-1719. July 12, 2002. *Practice, Criminal,* Plea, Right to trial. *Constitutional Law,* Confrontation of witnesses, Self-incrimination. *Witness,* Credibility. *Rules of Criminal Procedure.* Further appellate review granted, 437 Mass. 1110 (2002).

Faced with the possibility of enhanced penalties on two indictments in 1999 charging him with violations of G. L. c. 269, § 10(*a*) and (*h*),[1] the defendant, Gabriel Colon, initiated an attack on the predicate convictions. These were convictions on pleas of guilty in 1994 to assault and battery, assault by means of a dangerous weapon, and two counts of threatening to commit a crime; and a conviction on a plea of guilty in 1996 to possession of a dangerous weapon.

Colon's challenge came on motions to withdraw each of his guilty pleas, claiming that the pleas were defective because the trial court judge, who was the same judge in each instance, failed to conduct an appropriate colloquy to insure that the pleas were knowing and voluntary. According to Colon the defects were that the judge failed to inquire regarding his state of mind at the time of each plea; to advise Colon of the constitutional rights being waived by virtue of the pleas (right to trial by jury of peers or a judge, with amplification on the jury selection process; right to confront accusers; presumption of innocence; and the Commonwealth's burden of proof); and to inquire about Colon's understanding of, or admission to, the facts comprising the elements of the offenses charged. On the basis of deficiencies evident in the tape recording of the 1996 plea proceeding,[2] the judge allowed the defendant's motion to withdraw his 1996 guilty plea. There was no appeal from that order. The judge held an evidentiary hearing on the defendant's motion to withdraw his 1994 pleas.

Colon introduced in evidence not only the taped record of the 1996 plea colloquy, but seven additional taped plea colloquies conducted by the same plea judge with other defendants. He also introduced testimony from attorneys with extensive practice before the particular plea judge. All of Colon's evidence reflected deficiencies in the colloquies. We are constrained to rehearse once again the simple procedures, adaptable even in a busy District Court session, that insure compliance with constitutional and procedural requirements. These requirements are set forth in Mass.R.Crim.P. 12(c)(3), 378 Mass. 866 (1979). The judge must insure that the defendant is informed, on the record and in open court, of the three constitutional rights that are waived by a plea of guilty. They are the right to trial (with or without jury); the right to confront one's accusers; and the privilege against self-incrimination. See *Commonwealth* v. *Duquette,* 386 Mass. 834, 841 (1982). As to the sum and substance of the conversation regarding waiver of the right to trial by jury, see *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509-511 (1979). Failure to advise of these rights and to insure that the wavier of them is knowing and voluntary results in the constitutional defectiveness of the plea with no requirement to show that it would have made a difference to the defendant in deciding to plead if he had been informed of these rights. See *Commonwealth* v. *Nolan,* 19 Mass. App. Ct. 491, 500 (1985); *Commonwealth* v. *Correa,* 43 Mass. App. Ct. 714, 719 (1997). While certain omissions in the recitation of constitutional

---

[1]Both indictments also charged him under the enhancement statute, G. L. c. 269, § 10G(*c*).

[2]As to the 1994 proceedings, the tapes had been erased, and probably overwritten, sometime in 1997. See District Court Special Rule 211 A(4) (1988) (tape recordings of guilty plea proceedings must be kept for at least two and one-half years).

requirements have been tolerated, especially as regards the so-called trial rights, see *Commonwealth* v. *Nolan, supra* at 493 (defendant not advised of his privilege against self-incrimination and the right of confrontation); *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 664 (1989) (defendant not advised that she was waiving her right of confrontation and right against self-incrimination), we have recently held that a guilty plea cannot be deemed voluntary when the defendant is not advised at all that he or she is "waiving the three constitutional rights outlined in *Boykin* v. *Alabama*, [395 U.S. 238, 242 (1969)] and in rule 12(c)(3)(A)." *Commonwealth* v. *Dummer*, 47 Mass. App. Ct. 926, 928 (1999). As we said in *Dummer*, in language applicable to the recorded colloquies here, "[i]f we held otherwise, the exception would swallow the rule." *Ibid.*

In the event that memory fails or the press of court business tempts to shortcut, a check list of the required subjects of conversation should be available on each bench. We echo and reinforce the advice given in *Commonwealth* v. *Onouha*, 46 Mass. App. Ct. 904, 905 (1996), with regard to the outline that appears in Smith, Criminal Practice and Procedure § 1654 (2d ed. 1983). While the conversation with the defendant should not be "discharged as a mere matter of rote," *Ciummei, supra* at 510, quoting from *Patton* v. *United States*, 281 U.S. 276, 312 (1930), use of a "crib" need not compel such a result.

On conflicting affidavits, testimony, and exhibits, including the tapes of the 1996 proceedings (which were recorded at least two years subsequent to the 1994 pleas), as well as the testimony of an attorney that, at the time of the 1994 guilty pleas, the judge customarily gave proper colloquies, the motion judge ruled that the defendant (who could not recall the plea proceedings) had "provided an inadequate basis to indicate that his guilty plea[s] [in 1994] may have been entered in violation of his constitutional rights . . . ." The motion to withdraw these guilty pleas was denied.

In essence, the defendant asks that we find error in the judge's determination of credibility. We decline, as any determination of credibility is a function within her exclusive purview, and we find that her decision in this respect was supported by the evidence. See *Commonwealth* v. *Shipps*, 399 Mass. 820, 827 (1987); *Commonwealth* v. *Bousquet*, 407 Mass. 854, 861 (1990).

The defendant further complains that the motion judge was in error in admitting in evidence the affidavit of the plea judge as to his customary practice when taking pleas. There was no abuse of discretion. "[T]he judge's recitation of facts and statement of his customary practice in taking pleas need not be in the form of testimony before another judge; rather, a 'nontestimonial recitation . . . may properly support the reconstruction of the record' of a plea hearing." *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 54 (2000), quoting from *Commonwealth* v. *Quinones*, 414 Mass. 423, 434 (1993). We see nothing in *Quinones* that would compel a different approach in a case such as this.

Finally, we note that the defendant was represented by counsel when the 1994 guilty pleas were offered. Counsel failed to testify at the motion hearing or to file an affidavit with respect to the motion to withdraw the pleas. At the time the pleas were offered, Colon signed a jury waiver form, providing at least some indication that, regardless of whether the plea judge recited the rights that he waived, his decision to waive the jury and plead guilty was voluntary. See *Commonwealth* v. *Russell*, 37 Mass. App. Ct. 152, 157 (1994),

cert. denied, 513 U.S. 1094 (1995). Further, Colon does not allege that he was under verbal or physical impairment or disability at the time of the plea. It appears uncontroverted from the record materials that he and his attorney were read the specific facts of the crimes alleged and no question was raised as to any of their elements, indicating that he understood each element of the crime. He received a favorable disposition of a suspended sentence for two violent crimes.

*Order denying motion to withdraw 1994 guilty pleas affirmed.*

*Benjamin H. Keehn,* Committee for Public Counsel Services (*Suzanne Rapoza,* Committee for Public Counsel Services, with him) for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.