## COMMONWEALTH vs. BRIAN HOYLE.

No. 05-P-456.

Hampden. February 8, 2006. - July 28, 2006.

Present: LENK, CYPHER, & BERRY, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant finding, Postconviction relief, Trial by jury, Waiver of trial by jury. *Constitutional Law,* Trial by jury, Waiver of constitutional rights.

A District Court judge erred in allowing a criminal defendant's motion to withdraw guilty pleas based on the alleged absence of a full plea colloquy, where at the time the pleas were made in the first-tier level of the de novo system of the District Court, neither court practices nor any statute or rule required a full plea colloquy prior to the acceptance of the pleas [11-12], and where there was no basis for a determination that the pleas were not voluntarily and intelligently rendered [12-13]; further, the defendant, in alleging that his failure to sign a written jury trial waiver furnished an alternate basis on which to withdraw his guilty pleas, failed to meet his burden of proffering sufficient evidence to rebut the presumption that the proceedings were conducted in accordance with applicable standards [13-16].

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on April 17, 1984.

A motion to vacate a guilty plea and for a new trial, filed on March 9, 1999, was heard by *Jacques C. Leroy,* J.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

*Richard L. Goldman* for the defendant.

BERRY, J. In 1984, the defendant admitted to sufficient facts on four charges: possession of marijuana with intent to distribute; possession of cocaine; possession of a firearm with a defaced serial number; and possession of a firearm without a firearms identification (FID) card.[1] In 1999, facing a Federal

[1]On the conviction of possession of marijuana with intent to distribute, the

sentence that would be enhanced as a consequence of his prior State criminal history, including these four convictions, the defendant moved to withdraw his 1984 guilty pleas. Based on certain affidavits, further described below, and after a hearing, the motion judge (who was not the plea judge) found that "the plea-taking practices of the judge who accepted the defendant's admission in 1984 did not rise to the level of even the informal requirements of *Duquette*." See *Commonwealth* v. *Duquette*, 386 Mass. 834 (1982). The motion judge allowed the defendant's motion to withdraw his pleas. We reverse.

This case is controlled in nearly all material respects by *Commonwealth* v. *Russell*, 37 Mass. App. Ct. 152 (1994), cert. denied, 513 U.S. 1094 (1995), and *Commonwealth* v. *Williams*, 51 Mass. App. Ct. 904 (2001). These cases made clear that, prior to the decision in *Commonwealth* v. *Mele*, 20 Mass. App. Ct. 958 (1985), there was no requirement that a defendant be given a full plea colloquy prior to acceptance of a guilty plea in the first tier, rather than the second tier, of the then-existing two-tier District Court system. See *Commonwealth* v. *Russell*, *supra* at 156 n.4. "[A]t this first level, any theoretical problems [with the guilty plea procedure], whether of a constitutional or statutory nature, that are suggested by the entry of a finding of guilty based on an admission to sufficient facts are wiped out by the appeal for trial de novo. The defendant's remedy for any perceived unfairness in this procedure is to appeal to the jury of six session and obtain a new trial." *Commonwealth* v. *Duquette*, *supra* at 846-847.

1. *The plea colloquy issue.* In support of his motion to withdraw his guilty pleas, the defendant submitted his own affidavit, as well as those of his mother, a friend, and three attorneys — none of whom had been the defendant's lawyer for the plea proceedings. Conspicuously absent was an affidavit from the lawyer who had represented the defendant at the plea hearing; nor was there explanation why defense counsel had not submitted such an affidavit.

---

defendant was sentenced to one year in the house of correction, suspended; on the cocaine possession conviction, the sentence was a $200 fine; on the conviction of possession of a gun with a defaced serial number, the sentence was one year of probation; and on the conviction of possession of a firearm without an FID card, a probationary term also was imposed.

The submitted affidavits of the defendant, his mother, and his friend portrayed the plea hearing as being brief. However, that a plea hearing is described as brief provides little reliable information to evaluate, and does not provide a factual basis to demonstrate, whether a plea hearing was flawed, or whether a jury waiver (as well as other constitutional requirements) was or was not executed.

The affidavits of the three attorneys (as noted, none of whom had been the defendant's attorney at the plea hearing) merely indicated that, in the early 1980's (the pre-*Mele* period), the practice of judges in the first-tier session of the Springfield Division of the District Court Department (and, according to one attorney, the plea judge in particular) did not include the giving of a full colloquy in connection with the taking of a guilty plea or an admission to sufficient facts. These affidavits add little to the calculus, in light of the fact that before the 1985 decision in *Mele*, neither court practices nor any statute or rule required such a colloquy in the first-tier session of the District Court system. See *Commonwealth* v. *Mele, supra.*

Given the foregoing, the defendant's submission does not justify allowance of the defendant's motion to withdraw his pleas based on an alleged absence of a full plea colloquy in the first-tier session of the District Court; accordingly, the decision allowing that withdrawal motion was in error. The foursome of the *Duquette, Mele, Russell,* and *Williams* cases do not authorize withdrawal of pleas in a case such as this. To summarize: the full plea colloquy requirement in the District Court at the first-tier level of the de novo system was not required at the time the defendant tendered his pleas, and the *Mele* case, decided one full year after the defendant's pleas, is not retroactive in effect. See *Commonwealth* v. *Russell*, 37 Mass. App. Ct. at 156 n.4; *Commonwealth* v. *Williams*, 51 Mass. App. Ct. at 904-905.

We also consider, even in the absence of the defendant's entitlement to a plea colloquy, whether justice "may not have been done." See Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). See also *Commonwealth* v. *Russell, supra* at 156 (although defendant not entitled to colloquy, court still considered rule 30[b] standard). We conclude there is no basis for such a determination. The defendant has not shown that his

pleas were not voluntarily and intelligently tendered. See generally *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714, 718 (1997). The defendant was represented by counsel throughout the plea proceedings. See *Commonwealth* v. *Russell, supra* at 157 ("Representation and consultation with counsel are significant factors in determining whether a guilty plea [and, therefore, an admission to sufficient facts], not accompanied by a specific recitation of the defendant's intra-trial rights was, nonetheless, knowingly and voluntarily made").

The defendant faced four serious charges relating to drugs and firearms, yet was not sentenced to any committed prison time, see note 1, *supra* — a quite favorable disposition. The defendant waited fifteen years to move to withdraw his pleas, an indicium of satisfaction with the plea agreement, and the defendant admits he moved to withdraw his pleas of guilty only because of the prospect of Federal sentencing enhancement. In sum, we conclude that the defendant "has not 'shown with some plausibility that it would have made a difference [to him] in deciding about a plea' if the judge had engaged in a plea colloquy." See *ibid.*, quoting from *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 499 (1985).

2. *The written jury trial waiver issue.* In addition to his primary challenge to the adequacy of his plea colloquy, the defendant also suggests — albeit in a vague and unsubstantiated manner — that his pleas should be withdrawn because he did not sign a jury trial waiver.[2] Although not fully developed, we address this claim because it implicates the requirement that a defendant sign a written jury trial waiver, which requirement was in effect at the time of the defendant's plea hearing and was binding in the first-tier session of the District Court, as provided in Mass.R.Crim.P. 19(a), 378 Mass. 888 (1979), and pursuant to G. L. c. 218, § 26A, and G. L. c. 263, § 6. See generally *Commonwealth* v. *Osborne*, 445 Mass. 776 (2006).

However, at the threshold, the defendant's weak submission

---

[2]The defendant, with limited analysis in his brief, turns to the jury trial waiver claim to buttress his primary challenge to the adequacy of the plea colloquy. The defendant asserts in his brief that, "[i]n any event, even if a written waiver had been signed, it could not serve to cure the infirmities in the plea colloquy, namely, the judge's failure to tell [the defendant] in open court that he was giving up his right to a jury trial."

in support of plea withdrawal based on a purported lack of a written jury trial waiver did not meet the applicable burden of proof that the defendant bore. As previously noted, the defendant's motion to withdraw his pleas was not filed until fifteen years after his entry of pleas of guilty. Given that passage of time, both the Commonwealth and the defendant agree that written jury trial waiver records from the time in question (1984) were no longer retained in the court's files. Thus, court records were not available to document whether the defendant signed a jury trial waiver. Furthermore, the tape recording of the defendant's plea proceeding would have been destroyed pursuant to court rule.

In assessing a defendant's motion for plea withdrawal, we consider "when the defendant leaves his guilty pleas unchallenged for a lengthy period of time, so that the contemporaneous record of the plea is lost (by proper destruction of the stenographer's notes or erasure of the tape recording pursuant to court rules), and means of reconstruction are made impractical or impossible due to the death or retirement of judges and court reporters, the unavailability of witnesses, the inherent weaknesses and failures of recollection, and other factors commonly associated with the passage of time. At this point, the absence of a record, and the inability effectively to reconstruct it, may be directly attributed to the defendant's delay and may be said to be the defendant's fault. In such a case, the defendant's attack on his pleas by means of a rule 30(b) motion necessarily proceeds on a basis extrinsic to the unavailable contemporaneous record[, and places on the defendant a] burden, under rule 30(b), to produce 'a credible reason [to withdraw the plea] which outweighs the risk of prejudice to the Commonwealth.' " *Commonwealth* v. *Lopez*, 426 Mass. 657, 661-662 (1998), quoting from *Commonwealth* v. *Fanelli*, 412 Mass. 497, 504 (1992).

Given the time lapse and the resulting lack of District Court records, "[t]he presumption of regularity and the policy of finality thus come into play . . . to place on the defendant the requirement of showing some basis that adequately supports a negation of his convictions . . . ." *Commonwealth* v. *Grant*, 426 Mass. 667, 671 (1998). This presumption of regularity,

normally afforded collateral review of proceedings in which the record has been lost or destroyed, stands, unless and until a defendant advances countervailing credible and persuasive evidence sufficient to rebut that presumption. It is only when the presumption of regularity is so rebutted that the burden of proof shifts to the Commonwealth to prove the proceedings were conducted in accordance with applicable standards. *Commonwealth* v. *Lopez, supra* at 662. The defendant's submission concerning the purported lack of his signing a written jury trial waiver was not sufficient to rebut this presumption of regularity.

On that issue of a written jury waiver, all that was submitted by the defendant was an isolated statement in his affidavit that he had not signed a jury trial waiver. "A defendant's 'self-serving affidavits and assertions are not sufficient, on their own, to raise a substantial issue.' *Commonwealth* v. *Scoggins*, 439 Mass. 571, 578 (2003)." *Commonwealth* v. *Denis*, 442 Mass. 617, 633-634 (2004). The affidavits of the defendant's mother and friend are not directed to this jury trial waiver point, and thus are irrelevant. The affidavits of the three attorneys (again, who had not been defendant's counsel), describing general colloquy practices in the District Court in the 1980's and, in part, describing the plea judge's general practices when conducting a colloquy, also do not address the issue whether the defendant signed a written jury trial waiver.

The evidentiary hearing that the motion judge held on the plea colloquy practice also was not directed to a jury trial waiver challenge. At this hearing, the defendant did not elicit testimony concerning whether he had signed a written waiver, or whether the plea judge's practice in 1984 incorporated that requirement.[3] Accordingly, the evidentiary hearing, which focused on the *Duquette* colloquy issue (discussed in part 1, *supra*), added nothing of substance to the written jury trial waiver issue. Indeed,

---

[3]Two of the attorneys who submitted affidavits testified at the evidentiary hearing on the defendant's challenge to the plea colloquy question. However, Attorney Anderson's testimony did not specifically reference the plea judge, but instead averred generally as to what most judges did. Attorney Yelle did refer to the particular plea judge's practice in conducting colloquies, but Attorney Yelle's experience covered only the two-year period from 1980 to 1982 (Yelle then moved to practice in the Superior Court), and thus, he was not practicing in the District Court at the time the defendant's pleas were tendered.

the motion judge characterized the hearing as "unproductive" with respect to jury trial waiver procedures during colloquies in the Springfield Division of the District Court Department.

With no other substantive evidence to support his claim that he did not execute a written jury trial waiver, the defendant turns to one of the four docket sheets for the crimes with which he was charged and argues that one particular docket sheet should be accepted as proof that he did not sign a written jury waiver. Specifically, each of the four docket sheets has a block designated "[Defendant's] Atty. or Waiver." Three of these four forms bear the signature of the defendant's plea attorney. The fourth form, the one for the possession of marijuana with intent to distribute charge, does not bear the attorney's signature. However, the absence of the attorney's signature on the form for just one of the four pleaded-to offenses does not demonstrate that a written jury trial waiver was not executed by the defendant. Indeed, from the face of the document, the referenced block appears to be directed to a potential waiver of counsel by a defendant, not to a jury trial waiver. The defendant — again vaguely and without any substantiation in his proof — suggests that the block should be read to mean that a waiver of the right to be represented by an attorney is, in legal effect, a waiver of a jury trial by a defendant, and that the absence of the attorney's signature in this block on one of the forms means that the defendant in this case did not waive his right to a jury trial. We are not persuaded by this argument. Particularly is this so in light of the fact that at the motion hearing, the defendant offered no evidence to support such a proposition, leading the judge to observe that, "[i]t would be conjecture on my part to determine what these things mean." In short, the defendant failed to meet his burden of proffering sufficient evidence to rebut the presumption of regularity vis-à-vis the jury trial waiver question.

The order allowing the defendant's motion to withdraw his guilty pleas and for a new trial is reversed.

*So ordered.*