The defendant appeals from the denial of his motion for a new trial, arguing that the judge abused his discretion when he denied the motion. The defendant claims that, because he required the assistance of an interpreter at the plea hearing and none was provided, his plea was not knowing and intelligent. We affirm.
On May 10, 2004, the defendant was charged in the Dorchester Division of the Boston Municipal Court with eleven offenses relating to the theft of an automobile.[2] According to the docket sheet, no interpreter was present during the arraignment. However, a Cape Verdean Creole interpreter was requested for an August 23, 2004, pretrial hearing; the hearing was continued to October 4, 2004, and an interpreter was requested for that date. The defendant failed to appear on that date and a warrant issued for his arrest.
On February 8, 2005, the defendant, who then was being held in the Suffolk County jail, filed a motion for a speedy trial and to remove the outstanding warrant. In response, a judge appointed counsel for the defendant, and the court issued a writ of habeas corpus to secure his presence at a hearing on his motion. No request for an interpreter was made for that hearing; nor was an interpreter requested for the defendant's appearance at a later hearing scheduled for April 11, 2005.
On April 11, 2005, represented by counsel, the defendant pleaded guilty to counts 2, 3, 4, 6, and 11, and was placed on probation.[3] Thereafter, between 2005 and 2007, the defendant was before the court for several probation violation hearings; no docket entries during that period indicate the presence of an interpreter. On July 5, 2007, the defendant was discharged and his probation terminated.
Nearly eight years after the pleas, on January 12, 2012, the defendant, represented by new counsel, filed a motion for a new trial,[4] alleging that his attorney should have known that an interpreter was required and that, because of his limited understanding of English at the time of his plea, he did not understand its consequences. According to the defendant, this failure rendered his plea unknowing and unintelligent. Included in the papers filed with the motion was the defendant's affidavit, an affidavit from plea counsel, the court's docket sheet, and tender of plea form (the green sheet). After a hearing, the judge, who was also the plea judge, denied the motion. Later, at the request of the defendant, the judge issued written findings. A transcript of the plea hearing was unavailable due to the passage of time.[5]
The defendant, in his supporting affidavit, claimed that no interpreter was present at the plea hearing "even though the judge said we needed one before," and, also, that he did not understand many of the things his attorney said to him or that the judge said during the proceeding. He contends that he had spent the previous several months in jail and that his attorney told him to say "yes" to the judge's questions and, if he did so, he would be able to go home that day.
Plea counsel's affidavit corroborates some of what the defendant claims. He agreed that an interpreter was not present at the plea hearing. However, during his discussions with the defendant, he believed that the defendant understood the immigration consequences that would result from the plea as he explained them to him. On the other hand, counsel noted that "due to his limited English language skills it is possible that [the defendant] did not fully understand the immigration consequences of conviction."
Discussion. When a defendant appeals from the denial of a motion for a new trial under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), we review "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Diaz, 75 Mass. App. Ct. 347, 350 (2009), quoting from Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006). "We grant substantial deference to a decision denying a rule 30(b) motion ... when the judge passing on the motion is the same judge who heard the plea." Commonwealth v. Williams, 71 Mass. App. Ct. 348, 353-354 (2008), quoting from Commonwealth v. Grant, 426 Mass. 667, 672 (1998). In addition, when the motion is based on a claim of ineffective assistance of counsel, the defendant must demonstrate that counsel's behavior fell "below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Comita, 441 Mass. 86, 90 (2004), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). The judge is not required to credit an affidavit submitted by the defendant "even if it is undisputed." Commonwealth v. Thurston, 53 Mass. App. Ct. 548, 551 (2002).
In denying the motion, the judge in this case explicitly did not credit the defendant's claim that he did not understand the consequences of his plea because he did not have an interpreter present. The judge stated that, when a transcript is unavailable, he relies on his knowledge of his customary and regular practice, which is to "provide[ ] an extensive colloquy with a defendant that complies with [r]ule 12 o[f] the Mass. Rules of Criminal Procedure." Relying on this customary plea colloquy practice, the judge was confident that the defendant "engaged in a constitutionally sufficient colloquy." In addition, because the transcript of the plea colloquy no longer exists, we also rely on a presumption of regularity, thus requiring the defendant to prove that his plea was unknowing. See Commonwealth v. Grannum, 457 Mass. 128, 132-133 (2010).
That is, the defendant must now produce credible and reliable evidence to rebut that presumption of regularity and to prove that his guilty plea was not intelligent and voluntary. See Commonwealth v. Hoyle, 67 Mass. App. Ct. 10, 14-15 (2006) ("This presumption of regularity, normally afforded collateral review of proceedings in which the record has been lost or destroyed, stands, unless and until a defendant advances countervailing credible and persuasive evidence sufficient to rebut that presumption").
Here, we agree with the plea judge that the defendant's submissions concerning the lack of an interpreter were not sufficient to rebut this presumption of regularity. See id. at 15. The judge stated that he "would not have conducted a colloquy if there was any question that the defendant was confused or did not understand the consequences of the plea. Clearly trial counsel did not raise the issue at the time, and [the judge found] that it was not because counsel was ineffective but rather it was not a concern that needed to be addressed." In addition, the judge's review of the court docket sheet and green sheet confirmed his conclusion that there was a valid waiver and plea. Finally, the judge also noted that the defendant had appeared in court several times after entering the plea, and never had raised the issue of an interpreter. Based on the foregoing, we discern no error, and certainly no abuse of discretion.
Order denying motion for new trial affirmed.

Larceny of a motor vehicle (count 1); receiving a stolen motor vehicle (count 2); failure to stop for police (count 3); unlicensed operation of a motor vehicle (count 4); failure to stop or yield (count 5); negligent operation of a motor vehicle (count 6); forging or misuse of a Registry of Motor Vehicles (RMV) document (counts 7, 8, and 9); number plate violation (count 10); number plate violation to conceal identity (count 11).

Counts 3 and 4 were placed on file. Counts 5 and 10 were civil motor vehicle infractions and they were placed on file with findings of responsible. Counts 1, 7, 8, and 9 were dismissed at the request of the Commonwealth.

According to the defendant, he filed his motion on December 29, 2011, but, due to confusion in the clerk's office, his motion was not docketed. He filed an identical copy of the motion and memorandum of law on January 12, 2012. It is unclear on this record why the appeal was not received in this court until December, 2016; however, neither party raises this issue on appeal. It is therefore waived. See Commonwealth v. Chase, 433 Mass. 293, 299 (2001).

See District Court Special Rule 211(A)(4) requiring preservation of court recordings for only two and one-half years. A transcript of the motion hearing also is not included in this record.