NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-957

COMMONWEALTH

vs.

TIMOTHY J. TRACY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Timothy J. Tracy, appeals from the denial of his motion to withdraw his guilty plea to a charge of operating a motor vehicle under the influence of alcohol (OUI), second offense, in violation of G. L. c. 90, § 24 (1) (a) (1).  We affirm.

Background.  In 2015, the defendant was charged in the District Court with OUI, second offense, after causing a multiple vehicle crash.  According to the citation, the location of the offense was "I91 NB Exit 5 Springfield."  He admitted to sufficient facts and the plea judge continued the case without a finding for one year, conditioned on the defendant's attending a driver alcohol education program, and suspended the defendant's

driver's license for forty-five days.  After the defendant violated the terms of probation, a different judge entered a guilty finding and sentenced the defendant to a 127-day house of correction term, to be served at a substance abuse treatment facility.

Over seven years later, with the record of the guilty plea colloquy no longer available due to the passage of time, and with plea counsel having retired and no longer possessing the file or any memory of the case, the defendant moved to withdraw his plea based on ineffective assistance of counsel and "newly discovered evidence," (i.e., the Commonwealth's use of the Draeger Alcotest 9510 breathalyzer device).  After a nonevidentiary hearing, a third judge denied the motion, and the defendant timely appealed.

Discussion.  1.  Ineffective assistance of counsel.  In the defendant's affidavit in support of his motion, he claimed that plea counsel was ineffective for failing to investigate the existence of a "massive pothole" on Interstate 91 northbound, which "would have shown that [the defendant's] driving ability was not diminished but a reasonable response to road defects." Had plea counsel obtained the documentation of the pothole that the defendant submitted with his motion, the defendant claims, he would not have agreed to plead guilty.  The judge implicitly

2

discredited the defendant's affidavit, finding that the defendant received a very favorable disposition for a charge of OUI, second offense, and that the answers the defendant would have given at a typical plea colloquy were inconsistent with his current claims that he did not wish to plead guilty and was unsatisfied with counsel's representation. The judge also found "no nexus" between the potholes listed in the defendant's exhibits and where the accident occurred.[1]

Under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), a judge may grant a motion for new trial "if it appears that justice may not have been done." "Judges are to apply the standard set forth in rule 30(b) rigorously and should only grant such a motion if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth." Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 635-636 (2001). "In a new trial motion asserting ineffective assistance of counsel, whether justice may not have been done equates with whether counsel was constitutionally ineffective." Id. at 636. We discern no error of law or abuse of discretion in the motion judge's determination that the defendant did not meet his burden of showing that plea counsel's failure to pursue

---

[1] The defendant's brief does not contest the motion judge's finding in this regard.

the putative pothole defense was conduct falling measurably below that of an ordinary, fallible attorney, or that counsel's conduct deprived the defendant of a substantial ground of defense. See Commonwealth v. Simon, 481 Mass. 861, 866 (2019); Commonwealth v. Testa, 102 Mass. App. Ct. 149, 155 (2023).

In addition to the factors noted by the motion judge, we add that in the police report, although the trooper reported that the defendant was at first agitated, yelled at the trooper, demanded a breath test, and later became polite and cooperative, at no time did the defendant mention swerving to avoid a pothole. Likewise, at the plea hearing, the defendant acknowledged under oath that the evidence was sufficient to prove him guilty of OUI.[2] "The defendant's sworn statements must not be discarded on the later assertion that he had his fingers crossed." Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 640 (2007).

2. Breathalyzer test. The defendant also argues that he should have been permitted to withdraw his guilty plea based on

---

[2] As the defendant has not attacked the adequacy of his plea colloquy, the motion judge properly presumed, as do we, that it included the regular warnings, waivers, and admissions. See Commonwealth v. Hoyle, 67 Mass. App. Ct. 10, 14-15 (2006). "Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment." Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 639 (2007), quoting Brady v. United States, 397 U.S. 742, 748 (1970).

4

the Commonwealth's use of the Draeger Alcotest 9510 breathalyzer device to take his blood alcohol level at the State police barracks. Where, as here, it is established that the Commonwealth conducted a breathalyzer test using this device during the relevant time period, the defendant is entitled to a presumption that egregious government misconduct occurred. See Commonwealth v. Hallinan, 491 Mass. 730, 749-750 (2023). To be permitted to withdraw his guilty plea, however, the defendant must also demonstrate, under the totality of the circumstances, a reasonable probability that he would not have pleaded guilty had he known the results of the test would have been inadmissible. See id. at 750. Factors used to determine if such a reasonable probability exists include the following:

> "(1) whether evidence of the government misconduct could have detracted from the factual basis used to support the guilty plea, (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative, (3) whether the evidence is cumulative of other evidence already in the defendant's possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a particular plea offer, and (5) whether the value of the evidence was outweighed by the benefits of entering into the plea agreement."

Id., quoting Commonwealth v. Scott, 467 Mass. 336, 355 (2014).

We discern no error or abuse of discretion in the motion judge's determination, based on the above factors, that the defendant failed to make a credible showing that he would not

have pleaded guilty.  The government's use of the Alcotest 9510 did not significantly detract from the otherwise strong evidence against the defendant.  He caused an accident and drove away from the scene.  A cold beer can and nip bottle were found in the passenger seat of his car, and he exhibited "the classic symptoms of intoxication," Commonwealth v. Stathopoulos, 401 Mass. 453, 454 (1988) -- odor of alcohol, bloodshot eyes, slurred speech, agitated demeanor, and difficulty walking and maintaining balance.  We agree with the motion judge that the breathalyzer test was not the "'crown jewel' -- the most inculpatory piece of evidence against the defendant."  Hallinan, 491 Mass. at 750.  In addition, in terms of the defendant's decision to plead guilty, the evidence from the Alcotest 9510 test, which showed that the defendant's blood alcohol content was between 0.126% and 0.128%, was cumulative of the evidence from the portable breath test that he demanded at the scene of his arrest, which showed a level of 0.13%.  Finally, given the evidence against the defendant and the favorable disposition that plea counsel obtained, it is unlikely that counsel would have advised going to trial.  Counsel, and the defendant, could have reasonably determined that the benefits of the plea deal

outweighed the risk of a trial, even where the results of the breathalyzer test would not be admitted.[3]

Order denying motion to
   withdraw guilty plea
   affirmed.

By the Court (Massing,
   Singh & Grant, JJ.[4]),

Assistant Clerk

Entered:  May 28, 2024.

---

[3] The defendant also casts his claim concerning the breathalyzer test as a claim of newly discovered evidence.  As he was unable to show that the Commonwealth's use of the test had a prejudicial effect on his decision to plead guilty, he fares no better under the framework for assessing a motion to withdraw a guilty plea based on newly discovered evidence.  See Scott, 467 Mass. at 361-362.

[4] The panelists are listed in order of seniority.