## COMMONWEALTH *vs.* MARK LEONARDI.

No. 08-P-2111.

Suffolk. December 4, 2009. - February 16, 2010.

Present: GREEN, RUBIN, & WOLOHOJIAN, JJ.

*Practice, Criminal,* Assistance of counsel, Waiver of trial by jury, Defendant pro se. *Constitutional Law,* Assistance of counsel, Waiver of constitutional rights. *Statute,* Construction.

A Boston Municipal Court judge erred in accepting a criminal defendant's written waiver of his right to a jury trial, where the waiver was ineffective for failure to satisfy the requirements of G. L. c. 218, § 26A, in that the defendant was not represented by counsel at the time his jury waiver was received, but was instead proceeding pro se, assisted by standby counsel, and the defendant had not previously filed a written waiver of counsel. [274-276]

Statement regarding the absence of a written waiver of a criminal defendant's right to counsel, contrary to the mandate of S.J.C. Rule 3:10, as indicative of the incomplete nature of the truncated interactions the defendant had with three different Boston Municipal Court judges concerning the waivers of his constitutional rights. [276-278]

COMPLAINT received and sworn to in the Central Division of the Boston Municipal Court Department on April 11, 2007.

The case was heard by *Robert J. McKenna, Jr.,* J.

*Helle Sachse,* Assistant District Attorney, for the Commonwealth.

*Peter M. Onek,* Committee for Public Counsel Services, for the defendant.

WOLOHOJIAN, J. The defendant, proceeding pro se (with standby counsel) and without a jury, was convicted of assault and battery, G. L. c. 265, § 13A, in the Boston Municipal Court. On appeal, he challenges the validity of his jury and counsel waivers. We reverse, holding that the defendant's jury waiver was invalid because the requirements of G. L. c. 218, § 26A, were not satisfied.

1. *Background.* On January 28, 2008, the defendant appeared before three different judges in three separate events pertaining to this case.

At the first appearance, the defendant (through counsel) informed the judge of his desire to proceed pro se. Although the judge informed the defendant that he (the judge) believed this decision to be unwise and urged the defendant to remain represented by counsel, the judge did not conduct a colloquy and expressly declined to rule on the defendant's request, stating that the matter "ought to be heard and resolved by the presiding judge . . . which in this case is not me." The judge further informed the defendant that he would need to renew his request to proceed pro se with the trial judge when he appeared for trial later that day.

During this brief appearance, the defendant stated that he had a "bad seizure Tuesday."[1] The judge asked whether the defendant was receiving the medication he was supposed to for his condition, and the defendant responded that the medication did not suffice to keep him free of seizures and that his most recent seizure had resulted in a "move team [coming in] with a shield. All I remember is being cuffed behind real tight and being carried by eight of them and I ended up in a cell with a mattress on the floor because I couldn't obey any commands or I didn't answer any questions." The judge did not inquire further, but instructed the defendant to talk to his lawyer about the episode.

The defendant next appeared before a second judge, and defense counsel again stated that the defendant wished to proceed pro se. The second judge responded, "All right. Well, I'll appoint you standby." The second judge then inquired of the defendant as to his education (a "little bit of college" at MCI, Cedar Junction, and "paralegal school"), his experience with the legal system (the defendant said he had "represented [him]self on a few occasions"), and his knowledge of the law (the defendant defined hearsay as "statements that really has [*sic*] no factual basis"). The second judge made no further inquiry relating to the defendant's desire to proceed pro se.

---

[1]We take judicial notice of the fact that January 28, 2008, was a Monday. It seems reasonable to conclude that the seizure was alleged to have occurred during the week before the defendant's appearance, although this is not further developed in the record.

The second judge then inquired whether the defendant wished to waive his right to a jury, and the defendant stated that he did and signed a written jury waiver form. The form was also signed by standby counsel. The portion signed by standby counsel certified that the defendant had been advised of the various consequences of his waiver.[2] After receiving the signed waiver form, the second judge informed the defendant that a judge rather than a jury would decide the facts of his case, make assessments of credibility, and determine whether he was guilty. The judge also informed the defendant that he would be able to receive assistance from standby counsel should he wish.

Finally, the defendant appeared for trial before a third judge. Counsel (identifying herself to the court as standby counsel) informed the judge that the defendant had "[t]his morning . . . opted to waive counsel." The trial judge asked the defendant whether the second judge had conducted a "conversation with you about representing yourself," and was told that he had. The defendant volunteered that he had also had a conversation with the first judge about waiving counsel. The trial judge inquired whether the defendant had represented himself before, and the defendant replied that he had and that he had "won cases."

The defendant then stated that he had "a couple of conditions [based upon] which [he] wanted to file a [m]otion to [d]ismiss," that he had recently had a "grand mal seizure," and that he suffered from an "impulsive condition which is neurologically documented." The trial judge did not inquire into these statements, but instead next asked whether the defendant knew the charge against him (the defendant accurately identified the charge as assault and battery), and whether he knew the elements of the crime charged (the defendant replied that he did). The defendant

---

[2]Specifically, the form certified that the defendant had been told the following:

> "That the jury consists of members of the community. That the defendant may participate in their selection. That the verdict of the jury must be unanimous. That the ultimate decision of whether a defendant is guilty or not guilty is made by a jury while the judge makes rulings of law during the course of the trial and instructs the jury on the law, and imposes sentence in case of guilt. That when a jury is waived, the judge alone decides whether the defendant is guilty or not guilty in accordance with the facts and the law."

reaffirmed that he wished to proceed pro se, and the following exchange then took place:

THE COURT:        "And you've talked to [the second judge] about this as well, is that correct?"

THE DEFENDANT:  "Yeah. He gave me a little talking to."

THE COURT:        "Okay, good. All right. Well, then you can be seated. . . ."[3]

The defendant never signed a written waiver of counsel. The defendant represented himself at trial, with the assistance of standby counsel.

2. *Discussion.* The defendant argues that his right to trial before a jury was not effectively waived because the requirements of G. L. c. 218, § 26A, were not satisfied, and the colloquy was inadequate. The defendant also argues that his counsel waiver was defective because he did not execute or file a written waiver, and the colloquy was inadequate. We agree with the defendant that the failure to satisfy the requirements of G. L. c. 218, § 26A, requires that his conviction be reversed.

a. *General Laws c. 218, § 26A.* Section 26A of c. 218 provides a right to a jury of six in criminal cases tried in the Boston Municipal Court and the District Court Department. That right may be waived in writing,[4] provided certain requirements are satisfied. Among other things,

> "*Such waiver shall not be received unless the defendant is represented by counsel or has filed a written waiver of counsel.* . . . Such waiver shall be filed in accordance with the provisions of [G. L. c. 263, § 6]; provided, however, that defense counsel shall execute a certificate signed by said counsel indicating that he has made all the

---

[3]Similarly, just before trial, the trial judge asked whether the second judge had conducted a jury waiver colloquy and both standby counsel and the prosecutor stated that a proper colloquy and waiver had occurred.

[4]"Trial of criminal offenses in the Boston municipal court department and in the district court department shall be by a jury of six persons, unless the defendant files a written waiver and consent to be tried by the court without a jury." G. L. c. 218, § 26A, as appearing in St. 1992, c. 379, § 139.

necessary explanations and determinations regarding such waiver." (Emphasis added.)

G. L. c. 218, § 26A, as appearing in St. 1992, c. 379, § 139.

Here, at the time the defendant's jury waiver was purportedly received, the defendant was not represented by counsel but was instead proceeding pro se, assisted by standby counsel. No written waiver of counsel had been signed or filed. Thus, the plain terms of § 26A emphasized above were not satisfied.

The Commonwealth argues that the statute was sufficiently honored in the circumstances of this case by virtue of standby counsel's certification that she explained to the defendant the consequences of his jury waiver and by her active assistance during trial. It is true that standby counsel played an active role during trial, assisting the defendant in seeking to have evidence admitted and arguing on his behalf during sentencing. It is also true that she signed the certification contained on the jury waiver form. We are loath, however, to substitute a case-specific evaluation of a particular standby counsel's activities for the plain language of the statute, which forbids the receipt of a jury waiver unless the defendant is represented by counsel or has previously filed a written waiver of counsel. See *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001) ("statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result"); *Commissioner of Correction* v. *Superior Ct. Dept. of the Trial Ct. for the County of Worcester*, 446 Mass. 123, 124 (2006) (where language is clear and unambiguous, it is conclusive as to legislative intent). See also *Commonwealth* v. *Osborne*, 445 Mass. 776, 780 (2006) ("It is reasonable to assume that the Legislature intended to create a moment of pause and reflection on the part of a defendant that is concomitant with signing one's name to a formal declaration relinquishing th[e] right [to a jury trial]").

We are, in addition, wary of the Commonwealth's invitation to blur the line between the role of counsel and that of standby counsel. Standby counsel is available only to assist the defendant to the extent, and in the manner, the defendant wishes to call upon such counsel while representing himself. Standby counsel does not formally represent the defendant. Nor does standby

counsel protect the defendant's interests in the same way or to the same extent as counsel. See *Commonwealth* v. *Conefrey*, 410 Mass. 1, 13 (1991) (requirement that any cross-examination of complainant be done by standby counsel, instead of defendant, violated defendant's right of self-representation); *Commonwealth* v. *Molino*, 411 Mass. 149, 152-154 (1991) (pro se defendant has no constitutional right to assistance from standby counsel; appointment and reasonable limitations on standby counsel's participation are left to broad discretion of trial judge); S.J.C. Rule 3:10, § 6, as amended, 416 Mass. 1306 (1993) ("Notwithstanding a party's waiver of counsel, the judge *may* assign counsel . . . to be available to *assist* the party in the course of the proceedings" [emphasis added]). That the defendant received assistance from standby counsel does not change the basic fact that standby counsel did not represent the defendant.

Because the defendant was not represented by counsel at the time his jury waiver was received (standby counsel being no substitute), and because he had not previously filed a written waiver of counsel, his jury waiver was ineffective for failure to satisfy the requirements of G. L. c. 218, § 26A. We must therefore reverse his conviction resulting from the bench trial.

b. *Remaining arguments.* Although we do not rest our decision on these grounds, we comment briefly on the defendant's remaining arguments, specifically: that neither the jury waiver colloquy nor the counsel waiver colloquy was adequate, and that he did not effectively waive counsel because no written waiver was secured, contrary to the requirements of Mass.R.Crim.P. 8, as amended, 397 Mass. 1226 (1986),[5] and S.J.C. Rule 3:10.[6]

We acknowledge and are sympathetic to the fact that in our busy trial courts, case management constraints require at times that defendants appear before multiple judges. In this case, how-

---

[5] "If a defendant charged with a crime for which a sentence of imprisonment or commitment to the custody of the Department of Youth Services may be imposed initially appears in any court without counsel, the judge shall follow the procedures established in G. L. c. 211D and in Supreme Judicial Court Rule 3:10." Mass.R.Crim.P. 8, as amended, 397 Mass. 1226 (1986).

[6] "If the party knowingly elects to proceed without counsel, a written waiver by the party and a certificate of the judge on the form hereafter provided in this section shall be signed by the party and the judge, respectively, and filed with the papers in the case." S.J.C. Rule 3:10, § 3, as amended, 416 Mass. 1306 (1993).

ever, several unintended consequences appear to have resulted from the fact that no single judge oversaw the defendant's waivers and that each judge relied on the others for the necessary inquiry into the defendant's state of mind. Among these, no written counsel waiver was obtained, contrary to the mandate of S.J.C. Rule 3:10. See *Commonwealth* v. *Mullen*, 72 Mass. App. Ct. 136, 142 n.2 (2008) ("Judicial compliance with rule 3:10 is mandatory"). The absence of a written counsel waiver does not alone require reversal, provided there is sufficient other evidence in the record to demonstrate that the waiver was voluntary and intelligent. See *Commonwealth* v. *Pamplona*, 58 Mass. App. Ct. 239, 242-243 (2003). Contrast *Commonwealth* v. *Osborne*, 445 Mass. at 781 (absence of written jury waiver mandates reversal). Here, however, the absence of a written counsel waiver is indicative of the incomplete nature of the truncated interactions the defendant had with three different judges concerning the waivers of his constitutional rights.

Additionally, despite the defendant's disclosures, no judge inquired into the effect, if any, his alleged medical conditions may have had on his ability to make rational decisions consistent with self-representation or with waiving his right to a jury.[7] See *Commonwealth* v. *Means*, 454 Mass. 81, 95-96 (2009), quoting from *Commonwealth* v. *Blackstone*, 19 Mass. App. Ct. 209, 212 & n.6 (1985) ("Trial judges have 'a special "protecting duty" to question whether [a mentally ill defendant's] election to proceed without counsel is grounded in an incapacity to choose sensibly' "). By way of further example, no judge inquired into whether the defendant had been induced, coerced, or cajoled into relinquishing his rights, or whether he was intoxicated or otherwise mentally impaired. See *Ciummei* v. *Commonwealth*, 378 Mass. 504, 510 (1979) (among other things, court should ensure that the defendant "has not been pressured or cajoled and is not intoxicated or otherwise rendered incapable of rational judgment").

When a defendant has appeared before multiple judges for various pretrial proceedings, the trial judge should be particularly cautious about relying on prior inquiries into the defendant's state of mind concerning the waiver of constitutional rights

---

[7]The defendant was familiar to the second judge, who appears to have had prior knowledge of his medical issues.

such as the right to counsel and to a jury. See *Commonwealth* v. *Mullen*, 72 Mass. App. Ct. at 143. Ultimately, the trial judge should conduct the colloquies personally and obtain the necessary written waivers. See, e.g., *Commonwealth* v. *Hendricks*, 452 Mass. 97, 107-108 (2008).

3. *Conclusion.* For the reasons set out above, the judgment on the charge of assault and battery is reversed and the finding of guilt is set aside.

*So ordered.*