NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-638                                      Appeals Court


COMMONWEALTH  vs.  WILLIAM NAJJAR.


No. 18-P-638.

Middlesex.     March 6, 2019. - November 21, 2019.

Present:  Rubin, Kinder, & Singh, JJ.


Controlled Substances.  Firearms.  Constitutional Law, Plea,
     Sentence, Assistance of counsel, Waiver of constitutional
     rights.  Due Process of Law, Plea, Sentence, Assistance of
     counsel.  Practice, Criminal, Plea, Sentence, Assistance of
     counsel, Waiver, Self-representation.  Waiver.



     Indictments found and returned in the Superior Court
Department on July 1, 2010.

     A motion to withdraw guilty pleas, filed on April 7, 2017,
was considered by Thomas P. Billings, J.


     Amy Codagnone for the defendant.
     Konstantin Tretyakov, Assistant District Attorney, for the
Commonwealth.


     RUBIN, J.  On September 23, 2013, the defendant pleaded

guilty to trafficking in cocaine, see G. L. c. 94C, § 32E (b),

four counts of distribution of cocaine, see G. L. c. 94C,

§ 32A (c), conspiracy to distribute cocaine, see G. L. c. 94C,

§ 40, possession of a firearm in the commission of a felony, see G. L. c. 265, § 18B, and possession of ammunition without a firearm identification card, see G. L. c. 269, § 10 (h) (1). The plea judge accepted the defendant's guilty pleas and sentenced him on the trafficking charge to imprisonment of not fewer than eight years, the minimum mandatory sentence on that charge, and not more than nine years. The plea judge also sentenced the defendant to not fewer than eight years but not more than nine years on the distribution and possession of a firearm in the commission of a felony charges, to be served concurrently with the sentence on the trafficking charge. On the conspiracy and possession of ammunition without a firearm identification card charges, the plea judge sentenced the defendant to concurrent two-year probationary terms from and after the committed sentences.

Approximately four years after sentencing, the defendant filed a motion to withdraw his guilty pleas claiming that (1) they were made without the assistance of counsel and without a valid waiver of counsel, (2) they were not knowing and voluntary, and (3) his counsel was ineffective for failing to pursue a particular theory in support of a motion to suppress evidence. A different judge (motion judge) denied the motion without an evidentiary hearing, but revised and revoked the prison sentence to not fewer than eight years but no more than

eight years and one day.[1]  The defendant presses the same
arguments on appeal.  We vacate the order denying the
defendant's motion and remand for further proceedings.

1.  <u>Validity of the pleas</u>.  We turn first to the
defendant's claim that his pleas were not knowing and voluntary.
To satisfy the basic requirements of due process, a guilty plea
must be knowing -- courts sometimes use the word "intelligent"
-- and voluntary.  <u>Commonwealth</u> v. <u>Furr</u>, 454 Mass. 101, 106
(2009).  See <u>Commonwealth</u> v. <u>Hiskin</u>, 68 Mass. App. Ct. 633, 637
n.5 (2007) ("Use of the term 'knowing' is but another way of
describing the longstanding requirement that a guilty plea be
made intelligently . . .").  The judge must ensure that the
defendant "has a full understanding of what the plea connotes
and of its consequence."  <u>Boykin</u> v. <u>Alabama</u>, 395 U.S. 239, 244
(1969).  He must understand the "direct consequences" of his
plea (citation omitted).  <u>Commonwealth</u> v. <u>Roberts</u>, 472 Mass.
355, 362 (2015).  These consequences include the mandatory
minimum sentence to which the defendant will be subject.  See
<u>Commonwealth</u> v. <u>Rodriguez</u>, 52 Mass. App. Ct. 572, 579 (2001)
(even when defendant pleads guilty and will be sentenced by
agreement to straight probation, maximum and mandatory minimum

---

[1] This reduction was consistent with the defendant's
sentencing recommendation and the plea judge's statement before
the pleas regarding the sentences she was "likely to impose."

sentences that could be imposed following violation of probation conditions are not "collateral to the crime to which the plea [is] given. Rather, [they are] a direct consequence of, and in recognition of, the crime and the plea thereto . . ."). See also Commonwealth v. Murphy, 73 Mass. App. Ct. 57, 66-67 (2008) (defective colloquy "risked not adequately informing the defendant that failing to successfully complete his period of probation could result in the imposition of a period of incarceration for at least a minimum of twenty years"). This means that a defendant cannot tender a constitutionally adequate guilty plea without knowing that mandatory minimum sentence. Indeed, this proposition has been "clearly established" for at least a decade. Jamison v. Klem, 544 F.3d 266, 278, 279 (3d Cir. 2008) ("it can not seriously be argued that serving five years in prison pursuant to a mandatory minimum sentence is a 'collateral' consequence of a guilty plea and not a direct result of it"; it is "clearly established" that a guilty plea entered without knowledge of the mandatory minimum sentence violates due process). See Boykin, supra at 243-244. See also Vittitoe v. State, 556 So. 2d 1062, 1064 (Miss. 1990) ("A canvas of state law authority reveals no fewer than two dozen cases holding that guilty pleas made with ignorance of a minimum or mandatory minimum sentence are unenforceable"). The

Commonwealth bears the burden to show the plea was knowing and voluntary.  Furr, supra at 107.

The trafficking charge carries an eight-year mandatory minimum sentence.  G. L. c. 94C, § 32H.  In his affidavit, the defendant asserts that during plea negotiations, after he told the prosecutor that he had "no intention of pleading guilty to an 8-year sentence," the prosecutor "declined to amend his terms but advised [the defendant] of recent changes in legislation that would permit [him] to earn good time on the trafficking sentence, with parole eligibility in roughly half of the term."

The motion judge found those assertions "creditable," but denied the defendant, who was acting pro se when he entered his guilty pleas, an evidentiary hearing on the basis that the information given by the prosecutor was not "material."  Because we conclude that the knowingness of the defendant's pleas depends on whether the prosecutor misinformed the defendant, we also conclude that there was error in denying the defendant's motion in the absence of an evidentiary hearing or a finding of fact on the question whether the defendant was in fact told that by the prosecutor.

To begin with, as the motion judge found, the defendant's assertion is creditable:  there is no reason to disbelieve that the prosecutor so advised the defendant, because at the sentencing hearing a few days after the plea hearing, after the

judge sentenced the defendant, in response to the defendant's question about eligibility for parole and good time credits, the prosecutor interjected, "I do believe that because of the change in the statute that there has been a change in the availability of good time for min[imum] man[datory] sentences, so that is more favorable to the defendant than it was before the change in the law." The judge responded, "Right. But that's [not] for us to be involved." This indicated the prosecutor's (and perhaps even the plea judge's) incorrect belief, consistent with the defendant's affidavit, that he would be eligible for parole and good time credits, and that, hence, the defendant was not in fact subject to an eight-year mandatory minimum sentence. The Commonwealth does not dispute what the prosecutor told the defendant, arguing only that "even if the prosecutor's assertions about these matters were incorrect . . . , the defendant is not entitled to withdraw his pleas."

If the defendant, then pro se, was told by the prosecutor during plea negotiations that if he (the defendant) pleaded guilty to charges including trafficking in cocaine, G. L. c. 94C, § 32E (b), he would be subject to a minimum sentence of eight years, but would be eligible for good time credits and parole, such that he might be released after only "roughly half of the term," it could well have formed the basis for the

defendant's belief about the actual minimum sentence he faced.[2]

Because the question before us is the voluntariness and subjective knowingness of the defendant's guilty pleas, the Commonwealth cannot prevail simply because the incorrect statement by the prosecutor during plea negotiations may have been inadvertent.

Even assuming the prosecutor made the erroneous statement during plea bargaining, the defendant could perhaps have gained knowledge of the consequences of his pleas at the change of plea hearing. The plea judge, after all, was required under Mass. R. Crim. P. 12 (c) (3) (A) (ii) (c), as appearing in 470 Mass. 1501 (2015),[3] to tell the defendant both the maximum and the minimum mandatory sentences that he faced on each of the charges to which he was pleading. The plea judge, however, articulated the maximum sentence but failed to articulate the mandatory minimum sentence. This violated rule 12, but, more significantly for present purposes, and, as relevant to the defendant's argument, if the defendant were given by the prosecutor the erroneous

---

[2] Indeed, as described in the text supra, the defendant expressed surprise at the sentencing hearing that he would not get good time credits or be eligible for parole, and the prosecutor's (once again) mistaken statement that the defendant would receive at least good time credits appears to have been intended precisely to reassure him.

[3] We note that the plea hearing was held prior to the amendment of rule 12, which appears at 482 Mass. 1499 (2019).

information the defendant describes, the failure of the plea judge at the colloquy to inform the defendant of the mandatory minimum sentence on the charges to which the defendant was pleading guilty, and the absence of any other evidence on the issue, means the Commonwealth cannot on the record before us satisfy its burden to prove that the defendant subjectively knew that, by pleading guilty, he would be subject to a minimum of eight years of imprisonment.

As a matter of due process, unknowing pleas are void. McCarthy v. United States, 394 U.S. 459, 466 (1969). They must be vacated regardless of whether the court concludes that, if properly informed about the consequences of his plea, the defendant would have nonetheless pleaded guilty. "As a general proposition of constitutional law, a guilty plea must be vacated or nullified unless the record of the plea proceedings demonstrates that the defendant entered the plea knowingly and voluntarily. [Boykin, 395 U.S. at 242-243]." Rodriguez, 52 Mass. App. Ct. at 581.

If the prosecutor did misinform the defendant as he asserts, and if he, in fact, subjectively did not understand at the time of the pleas that he was subject to a minimum mandatory sentence, he is entitled to have the trafficking guilty plea vacated. There must therefore be a finding of fact on these issues by the motion judge. Consequently, we will vacate the

order denying the defendant's motion and remand for such finding by the motion judge, who may on remand also hold an evidentiary hearing at which either party may introduce evidence on one or both issues, i.e., whether the defendant was misinformed and what his subjective understanding was.

The Commonwealth posits initially that "the defendant was aware of the minimum sentence for trafficking in cocaine . . . , but also that he was asking the court to impose exactly that sentence understanding that the term of his imprisonment could not be 'any lower than that.'" But the question is not whether the defendant knew the minimum sentence. It is whether he knew it was mandatory, that is, that he would not be eligible for good time credits and parole.

As to this question, the Commonwealth argues that it does not matter whether he knew that, relying primarily on Commonwealth v. Indelicato, 40 Mass. App. Ct. 944, 945 (1996), a case involving an alleged failure of defendant's counsel to advise the defendant that his conviction would limit his ability to obtain a firearm permit, in which we said, "A guilty plea is not necessarily regarded as having been made involuntarily or unintelligently because a defendant has received inaccurate or incomplete advice from his counsel concerning the penal consequences of the plea." In addition, we noted in dictum that

"[m]istaken advice as to parole eligibility . . . has been held not to vitiate the basis for a plea."  Id.

Notwithstanding the skillful argument by counsel for the Commonwealth, the issue here is not the defendant's knowledge about parole eligibility, but whether he was told as required by the due process clause that a consequence of his plea would be an eight-year mandatory minimum sentence.  It changes nothing that the prosecutor happened to misinform the defendant of this by telling him that among the reasons his sentence was not mandatory was eventual parole eligibility.  In any event, the only cases Indelicato cites that found pleas knowing and voluntary despite inaccurate advice of defense counsel are Commonwealth v. Cepulonis, 9 Mass. App. Ct. 302 (1980), and Commonwealth v. Stanton, 2 Mass. App. Ct. 614 (1974), in both of which the court held only that "predictions by counsel as to the time which a defendant might have to serve," Cepulonis, supra at 309, quoting Stanton, supra at 622, do not render a plea unknowing because, as we said in Cepulonis, supra at 310, an inmate's receipt of parole is "highly dependent on a variety of discretionary factors which are usually considered and applied on a case-by-case basis under applicable statutory and regulatory formulae."  See Stanton, supra ("The judge was not required to advise the defendant on the legal and practical complexities of the parole law").  In fact, in Cepulonis, supra,

we made clear that "a plea's validity might be affected by manifestly erroneous advice as to the time of confinement given to a defendant," and in Stanton, supra, we specifically distinguished a case in which a defendant "misunderstood his rights with respect" to eligibility for parole, which is what the defendant asserts happened in this case.

The dissent does not disagree that a plea cannot be knowing in the absence of knowledge of any minimum mandatory sentence, or that an unknowing plea must be vacated without inquiry into whether the defendant would have pleaded guilty had he been properly informed of the direct consequences of the plea. Post at    . The dissent takes a different tack, but it rejects only an argument the defendant does not make, concluding that the failure of the plea judge to advise the defendant of the mandatory minimum sentence, which, as described supra, violated rule 12, does not, standing alone, require reversal of the order denying the defendant's motion to withdraw his guilty pleas. Post at note 1 ("failure to advise a defendant of the mandatory minimum sentence" not "an error of constitutional dimension requiring automatic vacatur of a guilty plea" [emphasis added]).[4]

_____

[4] In support of its position, the dissent, post at    , cites Hiskin, a case about a failure of the judge to give all the information required by rule 12. See Hiskin, 68 Mass. App. Ct. at 641-642 ("Advice as to the statutorily prescribed sentence, or that to be imposed upon acceptance of the plea, is

But this conflates the requirement of what the judge must tell the defendant under rule 12 with the requirement of what the defendant must know -- from some source -- in order for his plea to be knowing under the due process clause.  The failure of the plea judge to inform the defendant of a piece of information required by the rule will not automatically entitle a defendant to withdraw his guilty plea.  See, e.g., Rodriguez, 52 Mass. App. Ct. at 580.  In that context, we ask whether a judge's advice would have "made a difference" to a defendant's decision to plead guilty.  Id.  But where a defendant lacks actual knowledge of what the plea connotes or of the direct consequences of the plea, it is unknowing in a constitutional sense, and must be vacated without any such inquiry.[5]  To be

_____

not among the 'consequences of the plea' necessary for a plea to be intelligent under the Federal or State constitutions.  To the extent that advice about sentencing consequences may have been required, the requirement was one of rule" [emphases added]).  And in reiterating the point with the language quoted in the parenthetical in the test, the dissent cites a case in which we held that a judge's failure to inform a defendant of the mandatory minimum sentence in violation of rule 12 does not violate the Constitution and thus require "automatic reversal," but only so long as the defendant has an actual, subjective understanding of the mandatory minimum sentence.  See Murphy, 73 Mass. App. Ct. at 67.  See also id. at 63, quoting Rodriguez, 52 Mass. App. Ct. at 580 ("We will not assume that the defendant's plea was involuntary and unknowing and say as a matter of law that justice was not done simply because the record reflects noncompliance with rule 12").

    [5] Thus, in Rodriguez, 52 Mass. App. Ct. at 581, for example, on which the dissent principally relies, we did, as the dissent

sure, Rule 30 (b), as appearing in 435 Mass. 1501 (2001), of the Massachusetts Rules of Criminal Procedure authorizes judges to allow motions for a new trial only if "it appears that justice may not have been done."  But no materiality analysis must be undertaken in cases such as this because "[i]n the context of a guilty plea, justice is not done when a defendant's plea of guilt is not intelligent and voluntary."  Hiskin, 68 Mass. App. Ct. at 637.[6]  And of course the dissent acknowledges, as it must,

---

says, "affirm[] the order denying a motion to withdraw a defendant's guilty plea based on the defendant's claim that he was not informed of the mandatory minimum sentence" as required by rule 12 (emphasis added).  Post at   .  But, because Rodriguez also claimed, as the defendant does in this case, that his plea was not knowing, we independently examined whether the defendant "had actual knowledge of the relevant information," concluding that his claim to the contrary was not credible, and that, as a consequence, despite the judge's failure, the plea was "knowingly and voluntarily made" (citation omitted). Rodriguez, supra at 583.

[6] "We reject the Commonwealth's contention that the defendant's argument must fail automatically because he did not allege that he suffered any specific harm from the deficient plea colloquy, or that he would not have pleaded guilty had he been given a proper colloquy.  When a defendant has received a constitutionally inadequate plea colloquy, he is entitled to withdraw that plea. . . .  The defendant need not make any further showing in order to withdraw his plea." Commonwealth v. Colon, 439 Mass. 519, 529 (2003).  See McCarthy, 394 U.S. at 466 ("if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void").

Even were we to undertake a materiality analysis, the dissent does not explain why, if the prosecutor was content with an eight-year sentence with a possibility of parole and good time credits, he might not have adjusted the charges to allow a

that "the motion judge did not make findings" on whether "the defendant subjectively knew" the minimum sentence to which he was subject was a mandatory minimum.[7]  Post at     .

Finally, although it forms no part of our analysis, we note that an alternative holding today might invite prosecutors not

---

plea with that result if informed of his error about the mandatory nature of the trafficking sentence.

[7] In a footnote, the dissent asserts that "the record suggests that the defendant was well aware of the eight-year mandatory minimum sentence."  Post at note 4.  As the dissent notes, during the plea colloquy, the prosecutor did once use the word "mandatory" in referring to the sentence; the prosecutor stated that "there has been a reduction in the minimum mandatory penalty, that the minimum sentence for trafficking cocaine over 100 grams has been changed retroactively to be eight years, rather than ten years."  Id.  However, the record makes clear that when the prosecutor used the term "minimum mandatory" he (incorrectly) included nonmandatory minima.  Indeed, as described above, at sentencing the prosecutor said on the record, "For Mr. Najjar, I do believe that because of the change in the statute that there has been a change in the availability of good time for min[imum] man[datory] sentences."  A single reference to an eight-year minimum mandatory by a prosecutor laboring under a fundamental misunderstanding of the concept, and who previously told the defendant that good time credits and parole would be available under the sentence he would be ordered to serve, cannot satisfy the Commonwealth's burden to prove that the defendant subjectively knew that, by pleading guilty, he would be subject to a minimum of eight years of imprisonment.

The dissent also cites the defendant's statement that eight years was a long period of rehabilitation and he "[did not] see the court going any lower than that."  Post at note 4.  But this means only what it says:  that the plea judge would impose an eight-year sentence.

In any event, it will be up to the motion judge on remand to make a finding about the subjective knowledge of the defendant.

to take due care when informing defendants -- in this case a pro se defendant -- of the actual sentences to which they will be subject should they agree to a plea deal proffered by the government.  Given the seriousness of our prosecutors' responsibility with respect to these matters, we should not lightly do anything that might undermine the seriousness with which they appropriately take it.

Consequently, the order denying the motion to withdraw the guilty pleas must be vacated and the case remanded for the judge to make the relevant factual findings, after an evidentiary hearing if he finds one necessary.  Because the question whether the unknowingness of the trafficking plea also would require vacatur of the other pleas has not been briefed in this court, the motion judge should address the issue in the first instance on remand if he concludes that the trafficking plea was unknowing under the standard we have described.  Because we express no opinion on that issue, we turn to the defendant's other arguments, which, if successful, would require vacatur of all of his guilty pleas.

2.  <u>Validity of defendant's waiver of right to counsel</u>. The defendant claims that his guilty pleas were unconstitutional because there was no good cause to allow him to proceed pro se

prior to the plea hearing and his waiver of the right to counsel was not knowing and voluntary.[8]  We disagree.

"The guaranties of the Sixth Amendment to the Constitution of the United States provide a criminal defendant with the right to effective assistance of counsel at each critical stage of the proceedings against him, including a hearing where he pleads guilty."  Cepulonis, 9 Mass. App. Ct. at 304.  However, "even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice with eyes open" (quotation and citation omitted).  Commonwealth v. Mott, 2 Mass. App. Ct. 47, 52 (1974).  The defendant's right to represent himself is not unqualified.  It must be unequivocal and the judge must be "satisfied that the right is being exercised knowingly and intelligently, and not for an ulterior purpose." Id. at 51.  But it is the defendant's right, and it is not for the judge to deny the knowing and voluntary exercise of that right simply because the judge recognizes, as he or she will in most every case, that it is a poor decision.  Once the request to proceed pro se has been made, "[t]he motivation of the accused in making the request should be examined," but only to

---

[8] The defendant's request to proceed pro se was made via counsel's motion to withdraw, made at the defendant's request.

ensure that there is no ulterior motive, "and the accused should be apprised of the pitfalls in proceeding pro se." Id. at 52. The defendant's right to proceed pro se can be circumscribed if it is raised during or on the eve of trial. It is in these situations that the judge must weigh "the interests of the courts and the public in efficient trial administration" with "a showing of good cause to support the defendant's motion." Commonwealth v. Chavis, 415 Mass. 703, 712 (1993). In these cases, a good cause requirement is interposed as a limit to the defendant's right. It is designed to protect efficient trial administration, not to protect a defendant from making a poor decision. Thus, here, even though the motion to proceed pro se was made during the trial, the plea judge allowed the motion, so the defendant has no complaint based on good cause. We agree that when allowing the defendant's motion to proceed pro se the plea judge did not, as required, inquire into the reasons the defendant sought to represent himself at trial. See Mott, supra at 51-52. However, given the course of the proceedings before the plea judge, any error was not prejudicial, as it would have been clear to her that there was no ulterior purpose in the defendant's request. Against the advice of his fourth lawyer, the defendant insisted on pursuing an argument that the wiretap warrant applications were flawed because the Commonwealth had intentionally omitted his name from the warrant applications to

gain a tactical advantage. Two days before his motion to proceed pro se was allowed, the defendant appeared before the plea judge and sought to proceed pro se to argue a motion for reconsideration of the order denying his motion to suppress then pending before another judge (suppression judge). The defendant explained to the plea judge that he had an opinion different from his attorney's regarding the content of the motion to reconsider and wanted to represent himself to argue the motion. The plea judge did not act on the request to proceed pro se, but she reminded the defendant that he had had "a string of very good lawyers" who were "competent and qualified to represent" him. The plea judge concluded the hearing by explaining that she would contact the suppression judge to inquire about the status of the defendant's motion to reconsider. She told the defendant, "[W]hen you come in on Friday, if there are further issues that need to be addressed relative to that, . . . then we'll take it up then. But at the moment, we're going to trial on Friday."

Two days later, as the trial was about to begin, the defendant filed pro se an amended motion for reconsideration and request for an evidentiary hearing further explaining his legal theory. The plea judge informed the defendant and his counsel that there would be no further delays and that trial would commence. Defense counsel filed a motion to withdraw and

informed the plea judge that "[my client] desires to exercise his Constitutional right to represent himself, and so he's asked me to withdraw." The plea judge then engaged in a colloquy that was adequate except for the absence of a question about the reason the defendant sought to represent himself. Given this course of events, though, the plea judge was well aware of the defendant's motives. The motives may not have amounted to what someone trained in the law would describe as good cause, but they were not ulterior. And indeed, after the defendant's request to represent himself was allowed, the plea judge heard argument from the defendant and allowed him further time to pursue his suppression theory by filing an emergency petition for interlocutory relief with the Supreme Judicial Court pursuant to G. L. c. 211, § 3. The petition was denied later that day. The judge empaneled a jury, but the change of plea occurred before opening statements.

The defendant now argues that his decision to proceed pro se was not voluntary and intelligent, because it was not the case -- and he falsely believed -- that counsel's withdrawal was necessary for him to present his desired arguments, which, he argues, counsel could have filed himself under Commonwealth v. Moffett, 383 Mass. 201 (1981). Moffett, however, deals with counsel's opinion that an argument is "frivolous or otherwise lacking in merit," id. at 207, and the record reveals that the

difference of opinion between counsel and the defendant did not turn on counsel's judgment that the motion was frivolous.  We have compared the motion for reconsideration submitted by counsel with that submitted by the defendant.  The motions are framed differently, but the arguments supporting them are essentially the same -- indeed, most of the defendant's motion appears to have been copied from counsel's motion.  Counsel's reason for not submitting the defendant's motion appears, rather, to have been strategic, not based on any conclusion that the motion was frivolous.  Indeed, counsel had filed a motion to withdraw some five months earlier due to similar disagreements about how to present the motion for reconsideration, a motion that was denied without prejudice.[9]  A strategic disagreement with counsel cannot be addressed by the Moffett procedure.  Thus, the availability of that procedure has no bearing on the correctness of the motion judge's conclusion that the decision to proceed pro se was voluntary and intelligent.

We also agree with the defendant that the plea judge erred in failing to ask the defendant to sign a written waiver of

---

[9] That the disagreement was strategic is supported by statements made by the defendant and counsel at that hearing. The defendant stated:  "I just, me and [counsel] just share different views on the motion, and I just feel as if I can articulate the argument, you know, more stronger myself." Counsel's comments were similar:  "It's an odd circumstance in that my client and I disagree materially on how to proceed on the case."

counsel and to certify the written waiver as required by Mass. R. Crim. P. 8, as amended, 397 Mass. 1226 (1986), and S.J.C. Rule 3:10, as appearing in 475 Mass. 1301 (2016).  But "[t]he absence of a written counsel waiver does not alone require reversal, provided there is sufficient other evidence in the record to demonstrate that the waiver was voluntary and intelligent."  Commonwealth v. Leonardi, 76 Mass. App. Ct. 271, 277 (2010).  See Commonwealth v. Pamplona, 58 Mass. App. Ct. 239, 242-243 (2003).  Given the judge's extensive pretrial dialogue with the defendant regarding the reason he wished to proceed pro se, the otherwise thorough colloquy, and the defendant's unequivocal responses, we are confident that the defendant was "adequately aware of the seriousness of the charges, the magnitude of his undertaking, the availability of advisory counsel, and the disadvantages of self-representation." Commonwealth v. Jackson, 376 Mass. 790, 795 (1978).

3.  Ineffective assistance of counsel.  Finally, the defendant claims that his second attorney was ineffective in his presentation of the motion to suppress evidence for failing to pursue an argument that the Commonwealth had violated the constitutional particularity requirement and the wiretap statute, G. L. c. 272, § 99, by intentionally omitting the defendant's name from the wiretap applications and warrants in order to prevent an adverse probable cause determination.  The

defendant alleged the Commonwealth did so because it had "insufficient evidence as to [the defendant's] identity to meet the probable cause standard."  Ordinarily, to prevail on a motion to withdraw a plea for ineffective assistance of counsel, a defendant is required to "show[] that his attorney's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that he suffered prejudice because of his attorney's unprofessional errors." Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015), quoting Commonwealth v. Clarke, 460 Mass. 30, 45 (2011).  Here, he must demonstrate that the motion to suppress that forms the basis of his claim would likely have succeeded.  See Commonwealth v. Buckman, 461 Mass. 24, 40 (2011).

The motion judge concluded that, despite the omission of the defendant's name in the wiretap warrants and applications, his role in the drug operation "was apparent in the affidavits supporting the extensions of the original wiretap warrant" and the warrant applications clearly set forth probable cause. Therefore, the motion judge concluded that omission of the defendant's name from the warrant applications was not grounds for suppression.  We discern no error in this conclusion.[10]

---

[10] The defendant also argues that his second counsel was ineffective because he was friends with one of the prosecutors who wrote the warrant application, and argues that counsel did

4.  Conclusion.  The order denying the motion to withdraw the guilty pleas is vacated, and the case is remanded for further proceedings consistent with this opinion, including the holding of an evidentiary hearing should the motion judge conclude it is necessary.  If the judge concludes that the defendant was in fact misinformed by the prosecutor about the mandatory minimum and that the defendant did not know at the time of his pleas that that was the type of sentence he would be subject to, the motion to withdraw his guilty plea on the trafficking charge shall be allowed.  If the plea to the trafficking charge is withdrawn, the motion judge should determine in the first instance whether this requires vacatur of all the defendant's pleas or only that one, an issue not briefed in this appeal.

So ordered.

---

not make the above argument so as not to sully his friend's reputation.  While "genuine" conflicts require reversal without prejudice, "potential" and "tenuous" ones require a showing of prejudice.  Commonwealth v. Shraiar, 397 Mass. 16, 20 (1986).  A genuine conflict exists when the attorney's independent professional judgment has been impaired "either by his own interests, or by the interests of another client," which it is the defendant's burden to show.  Id.  The defendant has not cited a case in which friendship with opposing counsel constituted a genuine conflict requiring automatic reversal, nor has he satisfied his burden to show that counsel's independent professional judgment was impaired.  If this relationship created a conflict at all, it was at most tenuous or potential, and, for the reasons above, the defendant has failed to show prejudice.

KINDER, J. (dissenting).  Faced with evidence against him that the motion judge described as "overwhelming," the defendant filed a motion to suppress the fruits of the wiretap warrant that resulted in the seizure from his residence of 190 grams of cocaine, more than $20,000 in cash, and a firearm.  When a succession of four appointed lawyers refused to adopt the defendant's strategy on his motion to suppress, the defendant sought and received the plea judge's permission to represent himself.  After the defendant's suppression theory was rejected in both the Superior Court and the Supreme Judicial Court, he negotiated a favorable plea agreement with the Commonwealth, which resulted in a sentence of no less than eight years' imprisonment, the mandatory minimum sentence on his drug trafficking charge.

Four years later the defendant filed a motion to withdraw his guilty pleas arguing, among other things, that he did not know he faced a mandatory minimum eight-year sentence on the drug trafficking charge.  Specifically, the defendant claimed that he was misled by the prosecutor regarding his eligibility for good time credit and parole.  The motion was denied in a thorough and well-reasoned written decision.  I agree with the motion judge that the prosecutor's statements, if made, were "unfortunate and avoidable."  I also agree with the majority that the plea judge erred in failing to specifically inform the

defendant during the plea colloquy that the mandatory minimum sentence on the drug trafficking charge was eight years. However, I discern no abuse of discretion in the motion judge's conclusion that, even assuming the prosecutor's misstatements, the defendant's eligibility for good time credit and parole was not material to his decision to plead guilty. Accordingly, I respectfully dissent.

A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), see Commonwealth v. Scott, 467 Mass. 336, 344 (2014), and may be granted only "if it appears that justice may not have been done," Mass. R. Crim. P. 30 (b). Judges are to apply the rule 30 (b) standard "rigorously, and should only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth." Commonwealth v. Wallace, 92 Mass. App. Ct. 7, 10 (2017), quoting Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992). "The judge is the final arbiter on matters of credibility" (quotation and citation omitted), Scott, supra, and his or her decision to deny a motion to withdraw a plea "will not be reversed . . . unless it is manifestly unjust, . . . or unless the plea colloquy was infected with prejudicial constitutional error" (emphasis added), Commonwealth v. Correa, 43 Mass. App. Ct. 714, 716 (1997), and cases cited.

The United States Constitution requires that a defendant who decides to plead guilty "has a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 239, 244 (1969). To be valid, a guilty plea must be intelligent and voluntary. Commonwealth v. Hiskin, 68 Mass. App. Ct. 633, 637 (2007). "A guilty plea is intelligent if it is tendered with knowledge of the elements of the charges against the defendant and the procedural protections waived by entry of a guilty plea." Scott, 467 Mass. at 345. It "is voluntary so long as it is tendered free from coercion, duress, or improper inducements." Id. In Massachusetts, "[a]dvice as to the statutorily prescribed sentence, or that to be imposed upon acceptance of the plea, is not among the 'consequences of the plea' necessary for a plea to be intelligent under the Federal or State constitutions." Hiskin, supra at 641-642.[1] "To the extent that advice about sentencing consequences [is]

---

[1] The majority correctly points out, ante at   , that a constitutionally inadequate plea colloquy renders a guilty plea void, without regard to prejudice. See Commonwealth v. Colon, 439 Mass. 519, 529 (2003). However, in Colon the plea was constitutionally inadequate because the plea judge failed to advise the defendant of the nature of the charges or the elements of the offenses. Id. at 520-521. I have found no Massachusetts authority for the proposition that failure to advise a defendant of the mandatory minimum sentence is an error of constitutional dimension requiring automatic vacatur of a guilty plea. Indeed, we previously said that it is not. See Commonwealth v. Murphy, 73 Mass. App. Ct. 57, 65-67 (2008) (automatic reversal not required where defendant not informed of mandatory minimum sentence.)

required, the requirement [is] one of rule." Id. at 642, citing Mass. R. Crim. P. 12 (c) (3) (B), 378 Mass. 868 (1979).

It is true that the plea judge failed to adhere strictly to rule 12 (c) (3) (B) when she did not specifically inform the defendant that the eight-year term on the trafficking charge was the mandatory minimum.  But noncompliance with rule 12 (c) is only one factor to be considered in deciding whether the defendant's plea was knowingly and voluntarily made. Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 580 (2001). We also consider "the full record," Commonwealth v. Williams, 71 Mass. App. Ct. 348, 355 (2008), and "the defendant's sworn responses to the judge's informed questions made in the solemnity of a formal plea proceeding," Hiskin, 68 Mass. App. Ct. at 638.  Here, at the time that she found the defendant's guilty pleas were knowing and voluntary, the plea judge had (1) heard the defendant make legal arguments in support of his motion to suppress, (2) observed him participate in jury selection at trial, (3) considered the contents of a guilty plea form executed by the defendant,[2] and (4) engaged the defendant in

---

[2] I note that the written waiver of rights form executed by the defendant with the help of standby counsel is not included in the record appendix.  See Commonwealth v. Furr, 454 Mass. 101, 109 (2009) (signed waiver of rights form "may properly be considered as part of the plea record to support a finding that the plea was made intelligently"); Commonwealth v. Goodreau, 442

two colloquies.[3]  During the plea colloquy, the defendant expressed no confusion or concern about the sentence he faced. Indeed, under oath, the defendant professed that he understood the potential sentence, no one had forced him to plead guilty, he had adequate time to speak with his family and standby counsel regarding his decision to plead guilty, and he was pleading guilty of his own free will.  "Such professions must mean something, and must have consequence, if guilty plea colloquies are to be more than stylized and empty formalities." Id. at 640.  Based on this record, the motion judge acted within his discretion in rejecting, without an evidentiary hearing, the defendant's claim that his guilty plea was not knowingly made. See Commonwealth v. Torres, 469 Mass. 398, 402-403 (2014) (evidentiary hearing required only when defendant raises substantial issue).[4]

---

Mass. 341, 354 (2004) ("When weighing the adequacy of the materials submitted in support of a motion for a new trial, the judge may take into account the suspicious failure to provide pertinent information from an expected and available source").

[3] In addition to the plea colloquy, the plea judge engaged the defendant in a colloquy regarding his waiver of counsel.

[4] While the motion judge did not make findings regarding what the defendant subjectively knew about the sentence he faced on the trafficking charge, the record suggests that the defendant was well aware of the eight-year mandatory minimum sentence.  The prosecutor referred to the eight-year sentence as a mandatory minimum during the plea colloquy, and the defendant acknowledged that eight years was a long period of

While there is some superficial appeal to the majority's suggestion that the case should be returned to the motion judge for factual findings on exactly what the prosecutor told the defendant, the motion judge ruled that, even if the defendant was misled regarding his eligibility for good time credit and parole, it was not material to his decision to plead guilty. Ante at    . I agree and see no abuse of discretion in the motion judge's weighing of the relevant factors. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). The record does not support a conclusion that "compliance with rule 12 would have made a difference in the decision of the defendant to plead guilty." Rodriguez, 52 Mass. App. Ct. at 580. In Rodriguez, this court affirmed the order denying a motion to withdraw a defendant's guilty plea based on the defendant's claim that he was not informed of the mandatory minimum sentence. Id. at 583-584. Because the defendant in that case did not (1) claim innocence, (2) identify a plausible defense, or (3) explain how he would have benefited from proceeding to trial, the court concluded that the "record, considered in light of the discretion given to judges dealing with rule 30 (b) motions" did not indicate that justice was not done. Id. at 583, quoting Commonwealth v. Grant, 426 Mass. 667, 673 (1998). Here, the

---

rehabilitation and that he "[did not] see the court going any lower than that."

defendant is similarly situated and I see no reason to reach a different result.

The record shows that the defendant knew, when the trial began, that his primary theory of defense -- the motion to suppress -- had been rejected in the Superior Court and by a single justice of the Supreme Judicial Court. The defendant also knew that the jury would hear evidence that he participated in multiple recorded conversations during which he arranged to deliver cocaine to one of his coconspirators; he made the deliveries of cocaine that he had promised; and a large quantity of cocaine, currency, and a firearm were seized at his residence. I agree with the motion judge that this evidence was "overwhelming," which is perhaps why "the defendant has not addressed why he would have benefited from going to trial, and he has made no claim of innocence." Rodriguez, 52 Mass. App. Ct. at 581.

The record also shows that the defendant knew that a guilty plea would likely result in a sentence of eight years, but if he was convicted at trial he faced a maximum sentence of life in prison and an assurance from the prosecutor that he would ask for a five-year consecutive sentence on the charge of possessing a firearm in the commission of a felony. Considering the strength of the evidence, the absence of any plausible defense, the favorable disposition negotiated by the defendant, and the

fact that the defendant waited four years to claim that his plea had not been knowing and voluntary, the motion judge rejected the defendant's assertion that he would have proceeded to trial had he known that he would not be eligible for parole and good time.  In these circumstances, I cannot conclude that this was an abuse of his discretion.  See Commonwealth v. Santiago, 394 Mass. 25, 30 (1985) (defendant must show plea primarily motivated by prosecutor's representation and not by "assortment of pressures that are intrinsic to such a situation"); Commonwealth v. Hoyle, 67 Mass. App. Ct. 10, 13 (2006) (delay in raising issue is "indicium of satisfaction with the plea agreement"); Rodriguez, 52 Mass. App. Ct. at 583 ("plea of guilty is made under a variety of considerations and pressures, no one of which necessarily renders the plea involuntary"); Commonwealth v. Indelicato, 40 Mass. App. Ct. 944, 945 (1996) (defense counsel's mistaken advice as to penal consequences of plea does not render plea involuntary and unintelligent). Because the record does not support a conclusion "that denial of the defendant's motion was manifestly unjust" (quotation and citation omitted), Grant, 426 Mass. at 673, and because I see no abuse of discretion or error of law in the motion judge's decision to deny the defendant's motion to withdraw his guilty pleas, I would affirm.